## MYERS, *qui tam.* &c. *vs.* J. & L. VAN ALSTYNE.

A suit may be brought by a *common informer* for a penalty given by the act to prevent *horse racing* incurred previous to the revised statutes going into effect, although such suit be not commenced until after those statutes went into operation.

DEMURRER to declaration. The suit was brought to recover a penalty given by the statute to prevent *horse racing.* The plaintiff sued as well for *himself* as for the *overseers of the poor* of the town of Sullivan, in the county of Madison. The first

count charged the defendants with permitting a horse owned by them to run a race, upon which race a bet was depending. It was averred that the horse of the defendants was worth $85, whereby an action accrued, &c. The second count charged the running of a race between two horses; that the defendants furnished and produced one of them, and bet or staked him against the horse furnished and produced by the other party to the race; concluding with an averment of value as in the first count, whereby an action had accrued, &c. The day of the offence laid in each count was the 29th August, 1829, and the suit was commenced in July, 1830. The defendants put in a general demurrer.

*J. A. Spencer,* for the defendants, insisted that the statute giving an action for offences of this kind to *common informers* having been repealed previous to the commencement of this suit, and the statute on this subject in existence at the bringing of the suit giving the action only to the *overseers of the poor* of the town where the offence was committed, the suit should have been brought in the names of the overseers, and not in the name of a common informer.

*P. Gridley,* for plaintiffs.

*By the Court,* NELSON, J.  The main ground relied on in support of the demurrer is, that the suit should have been brought in conformity to the provisions of the revised statutes, which require that all suits for penalties in violation of the statute to prevent horse racing shall be brought in the names of *the overseers of the poor,* &c. 1 R. S. 673, § 58. This suit was commenced since the revised statutes went into effect, but the forfeiture accrued before they became operative. By those statutes, it is enacted that " no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed shall be affected by such repeal," except when the forfeiture or penalty shall have been mitigated by the revised statutes.  2 R. S. 779, § 6.  Here is no mitigation of the forfeiture or penalty, and it having been incurred previous to the revised statutes going into operation, it is in no

ALBANY,
Jan. 1833.

way affected by them, and the remedy must be sought in conformity to the old law. 1 *R. L.* 222, § 2, 3. Another conclusive answer to the objection to the suit in the name of the common informer is, that the provisions of the revised statutes as to the commencement of suits in the names of the overseers of the poor are prospective, and operate only on future forfeitures. The plaintiff is entitled to judgment.