## HOVER V. HEATH.

*Interest — when it commences on claim for services.*

In an action against an attorney for moneys collected on a judgment upon which the attorney had a lien for his services, the referee allowed plaintiff the amount collected, with interest from the date of the collection, and deducted therefrom a sum found by him to be the value of the defendant's services, upon which no interest was allowed. *Held* error. The defendant was entitled to interest upon the amount allowed from the date of the collection of the judgment.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by Peter Hover against S. Pulver Heath, to recover moneys in the hands of the defendant, collected by him as the attorney for the plaintiff. In 1864 the plaintiff retained the defendant, who is an attorney and counselor at law, to commence an action and collect a claim for damages against the commissioners of highways of the town of Florida. That action was tried October 1, 1864, when the plaintiff recovered a verdict for $200, and judgment was accordingly entered for $200 damages, and $155.87 costs and disbursements. On appeal from that judgment, it was affirmed in the general term, and July 31, 1865, judgment entered on the appeal for $95.88 costs and disbursements. On a further appeal, that judgment was also affirmed in the Court of Appeals, and a third judgment entered on such affirmance February 1, 1871, for $215.50 costs and disbursements. March 4, 1871, the amount of these judgments, principal and interest, were collected and received by the defendant, as such attorney of the plaintiff, amounting to the sum of $861.91. April 1, 1873, defendant paid Hand, Hale & Swartz, counsel fees in the action, the sum of $130, and claimed to retain the balance in his hands for his own services and disbursements. The referee charged the defendant with the entire amount received, $861.91, with interest from March 4, 1871, and credited him with the following items: $130 and interest from April 1, 1873; $380.31 for services as attorney, and $300 for services as counsel, and ordered judgment in favor of the plaintiff for the balance, $231.43, besides costs. The defendant excepted to the several findings of the referee, of the amounts allowed, principal and interest,

to the respective parties, and to the amount found due the plaintiff. Judgment was perfected on the report, and the defendant appealed to this court.

*J. I. Snell,* for appellant.

*Mitchell & Clute,* for respondent.

COUNTRYMAN, J. It is found as a fact, that the money was collected on the judgment in the former suit by the defendant, as attorney, on the 4th day of March, 1871. His services were then completed, and his right to compensation perfect from that period. *Adams* v. *Fort Plain Bank,* 36 N. Y. 255. He had a lien for the value of his services upon the moneys which he collected on the judgments. *Rooney* v. *Second Avenue Railroad Co.,* 18 N. Y. 368. And yet the referee has charged him with the interest on that portion of the money which he was entitled to retain for the services he had performed, from the time he collected it to the date of his report. This cannot be maintained. When the moneys were collected, his employment as attorney terminated, and his claim for services became due, and he was entitled to retain the value thereof out of the moneys in his hands. The defendant is therefore entitled to a deduction of the interest on $680.31, the value of his services and disbursements, from March 4, 1871, to April 25, 1874, the date of the report, amounting to $149.48. He was properly charged with interest on the balance in his hands from the time of its receipt. *Greenly* v. *Hopkins,* 10 Wend. 97. And he was also properly disallowed interest on the taxable costs or disbursements, until his employment was closed. *Mygatt* v. *Wilcox,* 1 Lans. 56.

The exceptions to the report were probably not sufficiently specific to have presented these questions for review in the Court of Appeals. *McMahon* v. *New York & Erie Railroad Co.,* 20 N. Y. 463, 470. But the right to review is not so limited in the general term.

The judgment must be modified by striking out the sum of $149.48, and as thus modified the judgment must be affirmed, without costs of the appeal to either party.

*Judgment affirmed.*