CHARLES O. RICHARDSON, RESPONDENT, *v.* THE BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY, APPELLANT.

*Attorney — lien on judgment — laches in enforcing — Statute of limitations.*

Although the court will extend its aid to an attorney, to prevent his being defrauded by any collusive action between the parties to a suit, out of his reasonable compensation, yet he is called upon to invoke the aid of the court with due diligence; and great and unreasonable delays and laches on his part, in asserting his rights, will be as fatal to his claim, as it would be to the claim of any ordinary suitor.

Although proceedings by an attorney to enforce his claim do not constitute an action within the literal operation of the statute of limitations, yet in enforcing it the court will be governed by the analogy of the statute.

APPEAL from an order granting a motion on the part of . C. B. Wheeler, formerly plaintiff's attorney, to establish a lien upon the judgments in this action, and directing the record of satisfaction of the judgments to be vacated, and giving the said Wheeler leave to issue execution for $479.30.

*Dudley Field,* for the appellant.

*S. D. Lewis,* for Wheeler.

TALCOTT, J. :

This appeal is from an order made at a Special Term, on the 17th of May, 1875, vacating a satisfaction-piece of the judgment in this action, and authorizing Clark B. Wheeler, Esq., formerly the attorney for the plaintiff, to issue an execution upon the said judgment against the defendant for the sum $479.30, with interest. The action was commenced in 1861, by Mr. Wheeler as the plaintiff's attorney, and judgment was entered against the defendant in March, 1862, for $1,377.24, which amount included the sum of $117.51 costs and extra allowance. In July, 1862, the plaintiff assigned the judgment to John C. Barnes. In October, 1862, Mr. Wheeler informed the assignee, by letter, that he, Wheeler, should decline doing any thing more in the suit until he was paid, and stating that he should allow the defendant to proceed and take a new trial and dismissal of the action. Prior to the 9th of December, 1862, the judgment was further assigned to William Cutter. On the 10th of December, 1862, on a motion in behalf of Cutter, the assignee, the Special Term ordered a reference to George G. Reynolds, Esq., to ascertain and report to the court the taxable costs due to Mr. Wheeler, and that on the payment of such costs by Cutter, Mr. Hitchcock be substituted as the attorney for the plaintiff, and that Wheeler deliver to said Hitchcock the papers in the action. On the 26th day of January, 1863, this order was amended by requiring the referee to report, separately, the lien or right of said Wheeler, if he has any beyond the taxable costs referred to, as against the assignee of the judgment, without prejudice to the further lien of said Wheeler, if he has any. In March, 1863, on motion of Mr. Hitchcock, as attorney for Cutter, the order was again amended by striking out the words requiring the referee to report the amount of Wheeler's lien, if any, beyond the taxable costs. Mr. Wheeler appealed from the order as thus modified to the General Term, and the order was affirmed in May, 1863. The referee, Reynolds, reported as remaining unpaid to Mr. Wheeler the sum of fifty-three dollars and fifty-nine cents. Mr. Wheeler filed exceptions to this report, which exceptions were overruled and the report confirmed. From the order overruling the exceptions and confirming the report Mr. Wheeler appealed; but the papers do not show that

any disposition has ever been made of the appeal. The next movement on the part of Mr. Wheeler, so far as the papers disclose, is an application to the Special Term in Kings county, for an order, which was granted on the 4th day of October, 1869, whereby it was referred to John P. Rolfe, Esq., to take proof of the nature, extent and value of Mr. Wheeler's professional services, the nature and extent of his lien upon the judgment for such services and for the expenses and disbursements incurred by him, and what he has become liable to pay to associate counsel, employed by him at the request of the plaintiff, to the end that, upon the coming in and filing of said report, the defendants shall pay the amount reported due, with costs of the motion and the expense of the reference, and the order expressly reserved the question whether Wheeler had any lien at all. It does not appear that any further proceedings were had in the matter until January, 1875, when an order was made by the Special Term, on a motion in behalf of Mr. Wheeler, that Mr. Greenwood be substituted as the referee in place of Mr. Rolfe. It would seem, though the fact does not very distinctly appear, that Mr. Wheeler at some time received the amount reported by Mr. Reynolds.

On the 3d of April, 1875, Mr. Greenwood reported to the court that he had taken proof, etc., as directed by the order of reference, and reports the same, but without reporting any amount, due to Mr. Wheeler, or the nature and extent of his alleged lien.

The order appealed from, made at Special Term May 7, 1875, orders that Mr. Wheeler have leave to enforce his lien for $419.70, with certain costs and expenses, amounting, in all, to $479.30, and vacating and setting aside the satisfaction of the judgment, and giving Wheeler the power to issue execution on the judgment against the defendant for $479.30, with interest from the date of the order. There appears to have been the most extraordinary delay and laches on the part of Mr. Wheeler in prosecuting this claim for compensation in excess of the taxable costs, in this case. His connection with the suit as attorney for the plaintiff ceased when, in October, 1862, he gave notice to the assignee that he should decline acting any further; or at all events, when the

assignee had selected a new attorney, and the court, in December, 1862, ordered the substitution of Mr. Hitchcock. After that it is not claimed that Mr. Wheeler acted as attorney for the plaintiff, or in any manner in connection with the suit, except in the proceedings to ascertain and secure the compensation which might be due to him. If the question of Mr. Wheeler's compensation beyond the taxable costs was embraced in the order of reference to Mr. Reynolds, it is still pending, so far as the papers show, on the appeal from the order confirming the report of Mr. Reynolds. If it was not embraced in that reference then it was intended to be embraced in the reference to Mr. Rolfe of the 4th day of October, 1869, more than six years after the last modification of the order of reference to Reynolds; and the order of reference to Rolfe was suffered to remain unexecuted, and without any movement, on the part of Mr. Wheeler, to cause the same to be executed for nearly five years more. The claim of Mr. Wheeler was, primarily, against his client, and his only right to resort to the defendant, is a right to prevent a fraudulent or collusive settlement between the parties, by which he is wronged. The summary proceedings which are adopted by the court in such cases, though they may be based upon what are termed the equitable powers of the court, do not have the effect to change the nature of the claim from a legal to an equitable demand, and thus enlarge the time within which they ought to be enforced. The court will extend its aid to an attorney to prevent his being defrauded, by any collusive action between the parties, out of his reasonable compensation, but he is called upon to invoke the aid of the court with due diligence, and great and unreasonable delay and laches on his part in asserting his rights should be at least as fatal to his claim as to that of any ordinary suitor. The claim of Mr. Wheeler became due and payable when his relation as attorney for the plaintiff ceased to exist. (*Mygatt* v. *Wilcox*, 45 N. Y., 306; *Adams* v. *Fort Plain Bank*, 23 How., 45; S. C., 36 N. Y., 255.) The proceedings of Mr. Wheeler to enforce his claim do not constitute an action, and are not within the literal operation of the statute of limitations. But in the enforcing of remedies of this character, depending upon the equitable powers of the court, and, to a certain extent, upon its discretion, it will in general be governed by the analogy of the statute of limitations, and certainly ought not

to encourage the extraordinary laches which has been manifested in this case.

Order appealed from reversed, with costs and disbursements to respondent.

Present — BARNARD, P. J., and TALCOTT, J. PRATT, J., not sitting.

Order reversed, with costs and disbursements.