## Tassey *against* Church.

</div>

The addition of the word "administrator" to the name of the acceptor of a bill of exchange, does not qualify his liability or make his acceptance a conditional one.

**ERROR** to the District Court of *Allegheny* county.

Church, M'Vay & Gordon against John Tassey. This was an action on the case in *assumpsit*, founded upon the following draft:

$555.48.                    "*Allegheny, 1st July* 1840.
        Please pay Church, M'Vay & Gordon, five hundred and fifty-five dollars forty-eight cents, and charge the estate of Thomas C. Patterson.

<div align="right">ANDREW FLEMING, Trustee.</div>

To JOHN TASSEY, Administrator."

(Endorsed)      "Accepted, JOHN TASSEY, Administrator."

Andrew Fleming was the trustee of Mrs Patterson, who was the heir at law of Thomas C. Patterson. The defendant then gave evidence to show that the estate of Thomas C. Patterson was insufficient for the payment of the debts.

GRIER, President, instructed the jury that the fact of the insufficiency of the estate to pay the debts, afforded no defence to this

[Tassey v. Church.]

action; that the acceptance was not qualified or conditional, but absolute; and as between these parties the consideration could not be inquired into; and directed a verdict for the plaintiff.

*Dunlop*, for plaintiff in error. The paper which is the foundation of this action, is not entitled to the name of a bill of exchange: it is drawn by the trustee of an heir upon an administrator, and accepted by him as administrator; thereby carrying upon its face the evidence of its nature and consideration, and indicating a particular fund out of which it is to be paid. It is not payable at any particular time, nor to the order of drawees. 19 *Wend.* 273; 6 *Whart.* 232; 10 *Wend.* 85; 7 *Watts* 130; 1 *Term Rep.* 437.

*Metcalf*, contra, cited 2 *Whart.* 239; *Chit. on Bills* 185, 215.

PER CURIAM.—The argument is, that as the addition of the word administrator must have been intended to mean something, it could have been designed to show nothing but that the acceptance was by the administrator, and not by the man—a distinction too fine for the current of ordinary transactions. The designation may have been used to show the character of the payment at the settlement of the administration account, or for some other purpose not known; or it may have been accidental. Its object is too imperfectly disclosed to influence the terms of the contract. In this instance the drawer signed himself trustee; but no one could suppose he intended, by that, to restrict his responsibility. These are considerations with which the holder has no concern. He relies on the terms of the promise; and if the acceptor had declined to become absolutely liable, it was easy for him to say so. He ought to have expressed himself in terms which would leave no doubt that his acceptance was conditional; and as it was his business to speak out, the interpretation is to be against him. The drawer of a note would not incur a contingent responsibility by signing himself administrator; and what is the difference between him and the acceptor of a bill? There is certainly none as regards commercial paper, and there can be none in the essential properties of the promise where it is to pay to a particular holder. In whatever character the defendant contracted, therefore, his promise was unconditional, and it bound him absolutely.

Judgment affirmed.