## Sharpe *et al. versus* Bellis.

| 61 69|
| 174 471|
61 — 69
33 SC ³ 55

1. Burroughs, treasurer of a corporation, drew a note in blank and obtained the endorsement of Bellis, "Pres't," for a debt due by the company to Sharpe, Bellis refusing to endorse as an individual. The note was afterwards filled up with Bellis's name as payee, and the amount and "Pres't" erased by Burroughs. It was then handed to Sharpe, who had no knowledge of the erasure, but knew of Bellis's connection with the company, in payment for the debt due by the company and so receipted for. *Held,* under the circumstances, that Bellis was not individually liable.

2. If Sharpe had been a stranger to Bellis and to his connection with the company, "Pres't" after his name, in absence of anything on the face of the note to indicate his possession of it in a representative character would not be a restrictive endorsement.

3. In such case when an agent does not mean to be personally bound by a writing, he must disclose the name of his principal whom he intends to bind.

4. Where the affix was not under such circumstances as to make it restrictive and to bind the agent, its erasure would be immaterial and would not affect the instrument.

5. If Sharpe knew the official relation of Bellis, the erasure was material, as it changed his obligation from a representative to a personal undertaking.

6. Sharpe was not a holder for value as against Bellis, the note having been given for an antecedent debt without surrender of any security.

7. If Sharpe knew that Bellis was president of the company, the note was the company's and Bellis could not be sued upon it.

February 9th and 10th 1869. Before THOMPSON, C. J., AGNEW and WILLIAMS, JJ. READ, J., at Nisi Prius. SHARSWOOD, J., absent.

Error to the District Court of *Philadelphia:* No. 232, to January Term 1869.

This was a foreign attachment by Richard Sharpe and others, trading as Sharpe, Weiss & Co., against Garrett J. Bellis. The writ was issued December 13th 1867. The plaintiffs declared against the defendant as endorser of a note dated March 19th 1867, at 60 days, drawn to his order by G. S. Burroughs, treasurer, for $2039.06. The defendant was president of the Port Richmond Pottery Company. The plaintiffs gave in evidence the deposition of Henry J. Martindale. He testified, that he acted as salesman of the Pottery Company, and purchased coal and supplies for them; G. S. Burroughs was the superintendent, secretary and treasurer. He had purchased the coal which was the consideration of the note, and it had been delivered. The plaintiffs asked for payment for the coal, and declined to take the company's note. Witness having gone to see them by the direction of Burroughs, asked them if they would take the defendant's note, and referred them to a Mr. Salter for his standing. The plaintiffs were to make inquiries on the subject, and witness left them without any

[Sharpe *v.* Bellis.]

understanding whether they would take the defendant's note. The plaintiffs afterwards sent word to Burroughs that they would take the defendant's individual note. Witness then went to the defendant's house in Trenton, N. J., with the note in suit; "it was not then filled up—being merely a blank note." Burroughs asked the defendant if he would give his note to plaintiffs: he said he would not, but would endorse the note as president.

He then wrote on the back of the note which had not been filled up " G. S. Bellis, Pres't." At this interview Bellis repeatedly declared, that he would not as an individual assume any of the company's debts, and particularized the note in suit. The note was taken by witness and Burroughs to the company's office in Philadelphia, "Burroughs made out the amount and filled up the note," and said he would scratch " Pres't" off, which he did with a penknife in the presence of witness. The note was delivered to the plaintiffs, who were not then informed of the alteration that had been made, nor afterwards until the note fell due. There was no authority from Bellis to erase the word " Pres't" in case the plaintiff should refuse to take the note without the defendant's individual endorsement.

G. B. Newton, the general agent of the plaintiffs, testified for them: Witness received the note from Martindale for the Pottery Company, as the company's note endorsed by the defendant. Martindale had offered the defendant's individual endorsement as security, which witness took after some inquiry. The note was given for coal sold to the company for cash. Witness first heard of or saw the erasure after the note had been protested, when the plaintiff's agent went to see the defendant about payment. The coal was charged to the company. The receipt given for the note was for the bill of coal " when paid."

The note which was as follows, was offered in evidence.

" (\$2039.06.) Philadelphia, Pa., March 19th 1867.
Sixty days after date, I promise to pay, to the order of G. S. Bellis, two thousand and thirty-nine and six one-hundredths dollars, at the Kensington National Bank, Phila., Pa. Value received.

(Signed) G. S. BURROUGHS,
Treas'r.

Endorsed—G. S. BELLIS.
SHARPE, WEISS & Co., per G. B. NEWTON, att'y."

The court rejected the evidence, ordered a nonsuit to be entered and sealed several bills of exceptions.

The plaintiffs removed the case to the Supreme Court, and assigned these rulings for error.

*A. Hart* and *F. B. Gowen*, for plaintiffs in error.—Did the

[Sharpe v. Bellis.]

word "Pres't" prevent it from being an *individual* endorsement? An alteration to be material must be one varying the tenor of the bill or adding to the parties' responsibility: Struthers v. Kendall, 5 Wright 229; Byles on Bills 253, note 1, 255; Gardinier v. Sisk, 3 Barr 327; 2 Parsons on Bills 582; Wheelock v. Freeman, 13 Pick. 165. A person acting for another in a written instrument, must make his agency apparent on its face to bind his principal: 2 Parsons on Bills 95; Dewitt v. Walton, 5 Selden 571; Pentz v. Stanton, 1 Am. L. Cases 620, 628, 629, 635. The case should have gone to the jury: Fisher v. Rhodes, 4 Phila. R. 694; Mechanics' Bank v. Earp, 4 Rawle 385; Meyer v. Barker, 6 Binn. 228; Campbell v. Baker, 2 Watts 84; Tassey v. Church, 4 W. & S. 346. An endorsement in blank is in effect a letter of credit: Byles on Bills 127.

*S. Dickson*, for defendant in error.—The plaintiffs are not bonâ fide holders without notice. The note was taken for an antecedent debt, and there was therefore no consideration: The only exception to this would be accommodation paper: Appleton v. Donaldson, 3 Barr 386; Lord v. Ocean Bank, 8 Harris 384. The rule is that the name of the principal must appear on the face of the paper when the signature is an endorsement or paper drawn by another: Roberts v. Austin, 5 Whart. 313; Mott v. Hicks, 1 Cowen 514.

The opinion of the court was delivered, March 1st 1869, by

THOMPSON, C. J.—If Sharpe, Weiss & Co. had been entire strangers to the defendant Bellis and to the fact of his connection with the "Port Richmond Pottery Company," as president, it could hardly be contended, we think, that the abbreviation "Pres't," after his name, could, in the absence of anything on the face of the note to indicate his possession of it in a representative character, be regarded as a restrictive endorsement.

The promise contained in it to him as payee, was personal and there was no designation of a company of which he was president, to which the affix to his name would apply. No company was disclosed as the principal intended to be bound. In such a case the rule seems to be well settled, that when an agent does not mean to be personally bound by a writing he must disclose the name of a principal whom he intends to bind: 1 Pars. on Con. 95; 1 Am. Lead. C. 602, in note; De Witt v. Walton, 5 N. Y. 571; Spencer v. Field, 10 Wend. 87. There can be no difference in principle between simply adding the word "agent" when no principal is disclosed, and the word "Pres't" when no corporation or company is disclosed.

On this note so endorsed, without extrinsic proof of knowledge on part of the plaintiffs, this endorsement, we think, would have imported a legal, personal obligation, and in this aspect the era-

[Sharpe *v.* Bellis.]

sure of the affix would be an immaterial alteration, which it is the rule now to hold as not affecting the instrument: Tassey *v.* Church, 4 W. & S. 346, and subsequent cases, not important to cite.

If, however, the plaintiffs did know the official relation of the defendant to the company, the erasure was material. It changed the nature of the defendant's obligation from an official representative act to a personal undertaking. It was then not admissible in evidence, provided that fact sufficiently appeared before its offer; that it did in the proof made by the plaintiffs, is clear beyond controversy. The claim for which the note was given was for coal sold to the company by the plaintiffs. They applied to the company for payment and the treasurer, Burroughs, and the witness, Martindale, a stockholder and salesman of the company, endeavored to get the plaintiffs to agree to take a company note for their debt. This they declined, but agreed to take Mr. Bellis's note. Mr. Bellis, when applied to by the treasurer of his company to give his individual note for the demand, positively refused, but endorsed a blank note, signing as president. This, Burroughs filled up with his name as payee and erased very skilfully the word "Pres't" from his signature as endorser and passed the note over to the plaintiffs; thus committing a gross fraud on him, as well as practising a great deception on the plaintiffs. No other inference could arise from the testimony than that the plaintiffs knew that Bellis was the president of the pottery company at the time they received his note. They were the creditors of his company and had presented their claim against the company, and pressed it for payment. This was the proof. The erasure was also clearly proved by the plaintiffs before the note was offered. They then stood in the position of a party offering in evidence a note with a material alteration fraudulently made and proved, without being holders for value, the note having been given for a precedent debt and without the surrender of any security and upon a receipt given on the claim "by note when paid." The note was therefore not admissible on the ground of the fraudulent alteration. Nor would it have sustained the plaintiff's *narr.*, taking it as it was endorsed; for if the plaintiffs knew, as we have shown, they must have known, that he was the president of the pottery company, when he endorsed as president, then it was the note of the company, and not his individual note, and as the company was not sued it was not evidence in the case on trial. In both views the note, under the plaintiffs' proof, was inadmissible, and the learned judge committed no error in rejecting it. As there was no other ground of recovery against the defendant, the nonsuit was properly ordered.

Judgment affirmed.