## Ulam *et al. versus* Boyd.

1. Where A., B. and C., a committee appointed by a meeting of citizens, make a contract with D., signing the contract as a committee, and affixing their seals thereto, they make themselves personally liable under the contract.

2. The only effect of the word " committee" is like that of " executor" in a personal obligation, to identify the transaction, not to qualify the act.

October 29th 1878.    Before AGNEW, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ.    SHARSWOOD and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Armstrong county:* Of October and November Term 1878, No. 64.

Covenant by S. S. Boyd against J. C. Ulam, J. A. Armstrong and A. M. Gosser upon the following agreement:

"Article of agreement made and entered into by and between J. C. Ulam, J. A. Armstrong and A. M. Gosser (committee) and S. S. Boyd, all of Leechburg, Pa.,

Witnesseth that the said party of the first part, for and in consideration of said second party repairing and strenghtening the Leechburg bridge, according to his agreement with the Bridge Co., they will pay or cause to be paid to him the sum of $3200 in manner following, to wit, $1000 on the signing of this article, $500 when the work is half completed, $500 when the work is completed, the remaining $1200 thirty days after the work is completed and taken off his hands.

January 27th 1872.    Witness our hands and seals,

Committee, { J. C. ULAM,                [SEAL.]
{ JOHN A. ARMSTRONG, [SEAL.]
{ A. M. GOSSER.            [SEAL.]
S. S. BOYD.                    [SEAL.]"

In the winter of 1871, certain parties proposed to erect a rolling-mill in Leechburg, provided its citizens would subscribe enough money to purchase the ground for the mill, as well as to strengthen a bridge from the railroad to the town, so that the bridge would sustain cars passing to and from the railroad to the mill. The plaintiff, the defendants, and others subscribed for this object, and at a meeting of citizens, the defendants were appointed a committee to carry out the project. Acting as such committee, they made the foregoing contract with Boyd.

It was alleged by the defendants that the company who owned the bridge was to be the final judge of the work, and that by reason of the failure of plaintiff to complete the bridge according to his plans and specifications it had never been taken off his hands. Plaintiff denied these allegations, and brought this action of covenant to recover $1190, the unpaid balance, with interest.

[Ulam *v.* Boyd.]

The defendants pleaded *non est factum,* covenants performed, *absque hoc,* and a special plea which set forth, "that the covenant or personal obligation of the said defendants declared upon of the date of 27th of January 1872, is not the covenant of either of them, but that the said defendants, in making the aforesaid contract, were acting simply as a committee to disburse a certain sum subscribed on a certain paper, dated the 11th of November 1871, a true copy of which is hereto annexed and made a part of this plea, and the said contract was not designed or intended, either by the said defendants or said plaintiff, to bind these defendants, or either of them, personally or individually—all of which was well known and agreed to by said plaintiff, he the said plaintiff being then and there a subscriber upon the said paper, and having taken an active part in getting up said subscription."

The defendants submitted, inter alia, the following point, to which is appended the answer of the court:—

1. That it is for the jury to determine, under all the evidence in the cause, the nature and character of the contract between the plaintiff and the defendants ; and whether it is their personal covenant according to the agreement and understanding of the parties at the time of the execution thereof, or whether the defendants merely executed the paper, with the knowledge and consent of the plaintiff, in order to carry out the arrangements between the citizens and the bridge company. And if the jury find from the evidence that the contract was executed for the latter purpose, and not as an individual covenant, and that the plaintiff so assented and agreed, the plaintiff cannot recover in this action, and the verdict of the jury should be for the defendants.

Answered negatively, as explained in the general charge, wherein the court, McDermitt, P. J., inter alia, said :

" The plaintiff alleges, the testimony shows, that the defendants, under their individual names and seals, signed a written contract. Although it recites, and although all the evidence may show, that they signed it as a committee, acting for others as well as themselves, still they signed and sealed it in their own individual names. This makes them personally responsible."

Verdict for plaintiff for $1206, and after judgment defendants took this writ, among other errors assigning the refusal of the foregoing point and the portion of the charge noted.

*Golden & Patton,* for plaintiffs in error.—The evidence in the case, including the contract itself, was perfectly conclusive that the defendants were merely performing a duty, common to all the citizens of Leechburg, but imposed upon them by a public meeting, as a mere matter of convenience, and that, too, without compensation or reward, and they asked the court to permit the jury to determine from the whole evidence the nature and extent of their liability.

[Ulam v. Boyd.]

This the court refused, but charged as a matter of law that the defendants were responsible upon a personal covenant to pay, and thus in effect withdrew all the evidence of the circumstances, under which the contract had been made, from the consideration of the jury. This we say was a manifest error. The addition of the seals to defendants' names did not, as matter of law, make them individual covenantors and deprive them of the privilege of showing that such was not the intention or the real contract of the parties: Coles v. Coles, 1 Am. Lead. Cas. 505, 507 ; Sharpe v. Bellis, 11 P. F. Smith 69 ; Lippincott v. Whitman, 2 Norris 244.

*J. Gilpin,* for defendant in error.—The mere fact that defendants were acting as a committee of a mass-meeting would not relieve them from liability, even if their contract had been by parol: Eichbaum v. Irons, 6 W. & S. 68. But they did more than promise by parol ; they, by a written contract, under their *hands and seals,* covenanted and agreed *to pay,* which this court has decided in Quigley v. DeHaas, 1 Norris 267, creates a personal liability.

The judgment of the Supreme Court was entered November 4th 1878,

PER CURIAM.—The defendants below clearly made themselves responsible personally under their contract with the plaintiff. Their describing themselves a " committee" did not change the very express language of the agreement which in every part of it is personal to themselves, and not applicable to any principal, and which they confirmed by their own seals. If we were sent out in search of a principal, to whom could we go ? The subscription-list created no joint responsibility, and the plaintiffs could not be remitted to thirty or forty suits for small sums. The only effect of the word " committee" was like that of " executor" in a personal obligation, to identify the transaction, not to qualify the act. The defendants expressly promised payment for themselves, and witnessed the promise by hand and seal. Judgment affirmed.