# New York Marine Court.

*Trial Term—December*, 1879.

## PATRICK J. MORAN *against* JOHN E. RISLEY AND H. P. COPELAND.

An assignee in bankruptcy has no power to charge the bankrupt estate by promissory notes or other like instruments, and all such obligations are in consequence enforceable against him personally.

The plaintiff sued the defendant Risley as the maker and the defendant Copeland as the indorser of a promissory note in these words :

[$150]  NEW YORK, February 1, 1879.
Three months after date I, as assignee of John S. Prouty, promise to pay to the order of H. P. Copeland one hundred and fifty dollars, at my office, No. 128 Broadway ; value received.

JOHN E. RISLEY,
As assignee of John S. Prouty in bankruptcy.
Indorsed, H. P. Copeland.

The note was given by Risley, the maker, to Copeland, the indorser, in payment for services rendered, at the request and upon the employment of Risley, in aiding him to write up the books of the bankrupt estate. The note was transferred by Copeland, the indorser, to Mrs. Margaret McKean, who, for full value, transferred it to the plaintiff before maturity. Copeland, the indorser, by his answer, pleads certain equitable defenses which might have been available if the note had remained in the hands of Mrs. McKean, but which are inadmissible against the plaintiff as a *bona fide* holder. The defendant Risley denied any individual liability for or on account of the note, and

claimed that he ought to have been sued in his representative capacity, and this became the question ultimately submitted for decision.

*Wakeman & Latting,* for plaintiff.

*J. W. Feeter,* for defendant Risley.

*Lockwood & Lockwood,* for defendant Copeland.

McADAM, J.—Mr. Risley, in his representative capacity as assignee, had no power to bind the bankrupt estate by promissory notes or other like obligations, and in consequence charged himself personally, upon the familiar principle that he who is capable of contracting and does contract in his own name, although as the agent of another, who is incapable of contracting, is held to intend to bind himself; since in no other way can the contract possess any vitality, but would perish from its own intrinsic infirmity (*Story on Agency,* §§ 273, 280, 281; *Story on Promissory Notes,* 7 ed. § 63; 1 *Daniel on Negotiable Instruments,* p. 201, §§ 261, 262). Thus, for example, where a person signed a note "as guardian of A. B.," he was held personally liable on the note; for he could not make his ward personally liable therefor, nor his ward's assets (Hills *v.* Bannister, 8 *Cow.* 31; Sumner *v.* Williams, 8 *Mass.* 162). So, where a person signed a note "as trustee of A. B.," he was held personally liable, for it was not primarily binding upon his *cestui que trust* (*Ib.*). So, where a person signed a note "as executor or administrator," it was held that he was personally liable, because it would not bind the estate of the deceased; and to give it any validity, it must be construed to be a personal obligation of the maker (Burrell *v.* Jones, 3 *B. & Ald.* 47; Roberts *v.* Button, 14 *Vt.* 195; Foster *v.* Fuller, 6 *Mass.* 58; Childs *v.* Monins, 2 *Brod. & Bing.* 460; Tassey *v.* Church, 4 *Watts & Serg.* 346;

34 *Legal Intelligencer* [*Penn.*] 382). There is no peculiar hardship in the application of this principle to aid in determining the maker's personal liability upon the note, because, independently of it, he was personally liable for the services which formed the consideration for it (Wilcox *v.* Smith, 26 *Barb.* 316 ; Bowman *v.* Tallman, 2 *Robt.* 385 ; Mygatt *v.* Wilcox, 1 *Lans.* 55 ; Ferrin *v.* Myrick, 41 *N. Y.* 315 ; 7 *Weekly Dig.* 390). No other construction than that before declared can consistently be placed upon the instrument in suit, and however hard it may seem, the defendant is supposed to have known the legal effect of his act, and to have contracted with reference to it (see New *v.* Nicoll, 73 *N. Y.* 127). The plaintiff is entitled to judgment for $157.59, the amount claimed, and interest, with costs, and the defendant must seek reimbursement out of the funds of the bankrupt estate (*Bump on Bankruptcy*, §§ 5099, 5100).

NOTE.—The judgment was paid without appeal.