# Barclay versus Pursley.

110　　　13<br>
33 SC ³ 55

1. The addition of the letters " Fr." to the signature of the drawer of a check do not, of their own force, qualify his direct and personal liability ; they are, in legal contemplation, mere meaningless hieroglyphics.

2. The burden of disproving the legal effect of such a check by parol evidence rests upon the drawer, and the right of the holder to rebut such proof by other proof of the same character follows as a necessary consequence.

3. Testimony to show that a person, granting a privilege to another, agreed to take a check therefor, signed by the other's agent in his own name with the letters " Fr " following, as the personal check of the agent, is not within the rule rejecting parol evidence contradictory of a written instrument.

April 27th, 1885. Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN, and CLARK, JJ., TRUNKEY, J., absent.

ERROR to the Court of Common Pleas of *Clinton county :* Of July Term 1884, No. 93.

Assumpsit, by J. L. Barclay, against David Pursley, upon a check, dated December 4th, 1882, signed " David Pursley, Fr.," in favor of the plaintiff, for $400.

On the trial, before MAYER, P. J., the plaintiff put in evidence the following check :—

.No. 907                    Bellefonte, Pa., Dec. 4, 1882.
                    FIRST NATIONAL BANK,
                         of Bellefonte.
                         May 10, 1883.
Pay to J. L. Barclay        (Stamp.)            or order
Four Hundred............................Dollars,
400.$\frac{x}{100}$                    DAVID PURSLEY, FR.

and then rested. Defendant called witnesses to prove that the check was given in part consideration of an agreement, by which one John Ardell, Jr., who had a contract to cut logs on a certain tract of land, had secured the right to use a portion of a stream, which flowed through Barclay's land, and a dam upon the same. This agreement was signed "J. L. Barclay," and "John Ardell, Jr., Pr. David Pursley, For.";
that Barclay knew that Pursley was acting as foreman of Ardell, when he executed the agreement and that the check was given at the same time and in part consideration of the agreement.

Barclay, in rebuttal, offered to prove that on the date of the check in evidence, David Pursley brought the agreement, marked exhibit "A" to his residence; that prior to that time he, plaintiff, and said Pursley had made by parol the contract as written out except that defendant was to pay the consideration in cash; that when they came to sign the agreement said Pursley alleged that he was scarce of money, and that plaintiff would do him a great favor if he would take a time check. Plaintiff at first refused and said distinctly that he would not take a check made by Ardell or which Ardell was to pay; that defendant said he would give him his check and further that he would be a criminal if he did not pay it when, due; that in pursuance of this statement and relying upon the check as the check of defendant, he took it as part of the consideration after having told said defendant that he would not take a check with which Ardell had anything to do, because he did not think he, Ardell, would pay, and he was not willing to be compelled to go over to Bellefonte to bring suit to collect the check. For the purpose of showing that the check in evidence is the check of defendant and that he is liable for the payment of the same. Objected to, for the following reasons: 1st. That the evidence offered is in contradiction of the written agreement offered in evidence and of the check sued upon. 2d. That it is an offer to prove a verbal promise to pay the debt of another for a sum in

[Barclay v. Pursley.]

excess of twenty dollars.    3d. That it is inadmissible under the pleadings, and 4th, That it is irrelevant.    Objection sustained.    Evidence excluded.    Exception.

The court directed the jury to find a verdict for defendant, which was accordingly done and judgment was entered thereon. Plaintiff took this writ of error, assigning for error the exclusion of the evidence above noted.

*C. S. McCormick*, for plaintiff in error.—That the check was properly received in evidence and when so received made a prima facie case, is abundantly established by Brockway *v.* Allen, 17 Wend., 40; Kean *v.* Davis, 47 Amer. Dec., 186, and Markley *v.* Quay, 8 W. N. C., 145. Formerly, if an agent made or indorsed a bill as in this case, he became personally liable— in modern times the rule has been relaxed, and where facts can be established which show that the whole consideration was received by the principal, that the contract was with him and that it was not the intention of the parties to bind the agent who drew or endorsed the paper, he is not responsible.

*W. C. Kress*, for the defendant in error.—The contract and the check being but one paper, they purport on their face to be the paper of Ardell and not of Pursley, and this brings them within the ruling of Clealand *v.* Walker, 46 Amer. Decisions, 238.   In Markley *v.* Quay, 8 W. N. C., 145, cited by plaintiff in error, THAYER, P. J. referring to Seyfert, McManus & Co. *v.* Lowe, 7 W. N. C., 39, says: "The principle of the decision is, that when a negotiable instrument is made by a mere agent for third parties, and is given for a debt due the payee by these parties, and the agency is plainly apparent from the manner of signing, the payee cannot have recourse against the agent, but must resort to his principals." There is nothing in plaintiff's offer to take the case at bar out of this rule.   Where parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the *only* evidence of their agreement: Martin *v.* Berens, 17 P. F. S., 463, and the cases there cited; Heist *v.* Hart, 23 P. F. S., 289.

Mr. Justice GREEN delivered the opinion of the court, June 4th, 1885.

When, on the trial, the plaintiff gave in evidence the check in suit, and rested, he was entitled to a verdict in the absence of any defence.    The addition of the letters "Fr." to the defendant's signature did not, of their own force, qualify his liability.    Notwithstanding their presence his obligation was direct, personal and absolute.    In order to relieve himself of

this liability he offered, and was permitted, to give verbal and written proof of the facts and circumstances attending the execution and delivery of the check. By means of these facts and circumstances he sought to show that it was not intended, when he signed and issued the check, to impose a personal liability of his own, but of another person for whom he was acting as agent. He testified that the check was given to pay the debt of his employer, John Ardell, Jr., due under a written contract for driving logs through the plaintiff's pool and dam. The written agreement was given in evidence, and various matters of fact, from which it was proposed to infer that the check was not intended as the check of Pursley, but of Pursley as the agent of Ardell. In this condition of things the plaintiff offered to prove his version of the facts and circumstances attending the giving and acceptance of the check, and especially, that he refused to receive it as an obligation of Ardell's, that the defendant thereupon gave him the check as his own check, saying he would be criminal if he did not pay it when due, and that in pursuance of this statement and relying upon the instrument as the check of the defendant, he took it as part of the consideration of the agreement. This offer of testimony was rejected by the learned court below,.and its rejection constitutes the only assignment of error in the case. The chief objection to the admissibility of the testimony is that it is in contradiction of the written agreement and of the check sued on. It will be seen at once that it is an erroneous assumption to say that it is contrary to the agreement, since the agreement contains no provision as to the manner of payment, and payment under its terms might be made in any manner that the parties saw fit to agree upon. Of course payment in money by Ardell to Barclay would be the legal inference from the mere language of the instrument. But certainly the parties might agree that payment should be made by a note of Ardell's, or by the note of a stranger or by a check of either, or by some specific personal chattel, or by any form of security mutually agreed upon, and such an arrangement would not be in the least degree obnoxious to the rule rejecting parol evidence contradictory of a written agreement.

Nor is the objection of any greater weight when applied to the check. This paper is not on its face the check of Ardell. On the contrary it is the check of Pursley, and it requires parol evidence to show that it either is, in fact, or was intended to be, the check of Ardell. But the moment that proposition is stated it is proved beyond question, that opposing parol testimony may be given to show that the check is what it purports to be, to wit, the check of Pursley. The letters "Fr"

added to his name are, in legal contemplation, mere meaning-less hieroglyphics. They do not, of their own force only, detract in any manner from Pursley's individual liability on the check. To produce such an effect parol evidence is indis-pensable, but if that is so it necessarily follows that opposing parol evidence is admissible to show that such an effect was not intended. In truth the latter testimony is more in con-formity with the legal meaning of the instrument than the former.

This is especially so in view of the fact that Pursley, when he executed the written contract for Ardell, did 'so by signing Ardell's own name, thus—" John Ardell, Jr.   Pr. David Pursley For.", whereas when he signed the check he did so with his own name. This circumstance would be a strong corroboration of the plaintiff's offer of proof, but in any view of the case, the burden of *disproving* the legal effect of the check by parol evidence rested upon, and was assumed by, the defendant, and the right to rebut such proof by other proof of the same character follows as a necessary consequence.

Judgment reversed and *venire de novo* awarded.