75, (1901).]                    Opinion of the Court.

---

## Williams v. Hipple.

*Promissory notes—Signature—Corporation—Signing by officer.*

A promissory note containing the words, "we promise to pay" and signed by a corporation with a stamp, with the words, "M. W., Treasurer," standing immediately beneath the corporate signature, and a little to the right of it in handwriting, does not on its face evince a personal liability by M. W., and is inadmissible as a set-off in a suit brought by him in his individual capacity.

Argued May 23, 1900. Appeal, No. 223, Oct. T., 1900, by plaintiff, from judgment of C. P. Delaware Co., June T., 1899, No. 179, on verdict for plaintiff in case of Morris Williams v. William P. Hipple. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a promissory note. Before JOHNSON, P. J.

From the record it appeared that the suit was brought on a promissory note dated December 9, 1898, for $816.46. Allowing for certain payments, the balance claimed was $562.26.

The defendant offered the following note as a set-off:

"500.00                    GLEN MILLS, PA., Sept. 24, 1898.

"On January 20, 1899, after date, we promise to pay to the order of John J. Williams Supply Company five hundred

dollars, without defalcation.    Value received.    Payable at the
Charter National Bank of Media, Pa.

        [Signed]    " THORNBURY STONE Q. & C. Co.
               " MORRIS WILLIAMS, Treasurer."

    Mr. Hall: I offer in evidence this note, and claim by it and
upon its face that the plaintiff here is personally liable for full
amount of the note.

    The court admitted the note under objection and excep-
tion. [1]

    After the defendant had closed Mr. Williams for the plain-
tiff made the following offer:

    I offer to show that William P. Hipple, the defendant, took
this note signed Thornbury Stone Quarrying and Crushing
Company, Morris Williams, Treasurer, as the note of the cor-
poration, the debt of the Thornbury Stone Quarrying and
Crushing Company, and not as the note of Morris Williams,
Treasurer.    We will further show that this note was given in
payment to the John J. Williams Supply Company in payment of
the indebtedness of the Thornbury Stone Quarrying and Crush-
ing Company to the John J. Williams Supply Company, the
said indebtedness being created for the ordinary expenses, labor
and indebtedness of the corporation, to show that it is the note
of the corporation; and, in the second place, to show that
William P. Hipple took it as such and knew at the time and
has never since considered the note as the note of Morris Wil-
iams, but has considered it as the note of the Thornbury Stone
Quarrying and Crushing Company.

    Objected to.    Objection sustained and bill sealed. [2]

    The court gave instructions to the jury to render a verdict
for plaintiff for $44.62.

    Verdict and judgment for plaintiff for $44.62.    Plaintiff ap-
pealed.

    *Errors assigned* were (1, 2) rulings on evidence, quoting the
bill of exceptions.    (6) Instructions as to verdict.

    *N. H. Larzelere*, with him *Albert J. Williams*, for appellant.
—The court was in error in admitting the note: Draper v.
Mass. Steam Heating Co., 5 Allen, 338; Carpenter v. Farns-
worth, 106 Mass. 561; Chipman v. Foster, 119 Mass. 189;

Goodenough v. Thayer, 132 Mass. 152; Miller v. Roach, 150
Mass. 140; Reeve v. First Nat. Bank of Glassboro, 23 Atl.
Repr. 853; Atkins v. Brown, 59 Maine, 90; Falk v. Moebs,
127 U. S. 597; 2 Cook on Stock and Stockholders & Corporations, sec. 724.

*E. H. Hall*, for appellee.—The authorities being full upon
the point that a corporation may be bound by stamping its
name upon a note by a stamp of a peculiar kind and adopted
by it, the note in this case is sensible as being the promise of
more than one person and properly represented by the plural
pronoun: Heffner v. Brownell, 31 N. W. Repr. 947; McCandless v. Belle Plaine Canning Co., 78 Iowa, 162; Matthews v.
Dubuque Mattress Co., 54 N. W. Repr. 225; Robinson v.
Kanawha Valley Bank, 8 N. E. Repr. 583; Merchants' Nat.
Bank v. Clark, 64 Hun, 176; San Bernardino Nat. Bank v.
Andreson, 32 Pac. Repr. 168.

The Pennsylvania authorities are full upon the point that
the mere addition of the title to an office will not qualify the
officer's liability: Tassey v. Church, 4 W. & S. 346; Ulam v.
Boyd, 87 Pa. 477.

OPINION BY WILLIAM W. PORTER, J., April 16, 1901:

There are two questions raised by this appeal. First, whether
on the face of the promissory note offered in evidence by the
defendant as a set-off, Morris Williams, the plaintiff, is personally liable; second, whether, in the absence of proof that the
defendant is an innocent holder for value before maturity, the
plaintiff had the right to show that the note admitted in evidence, was signed by Morris Williams on behalf of the Thornbury Stone Quarrying and Crushing Company as its treasurer,
and not as a personal obligation, and that the defendant took
it as such. The note is in the following form:

"$500.00          GLEN MILLS, PA. Sept. 24, 1898.

On January 20, 1899, after date, we promise to pay to
the order of John J. Williams Supply Company five hundred
dollars, without defalcation. Value received. Payable at the
Charter National Bank of Media Pa.

"THORNBURY STONE Q. & C. Co.

"MORRIS WILLIAMS, Treasurer."

Referring first to the second question above stated, we observe that the offer of the note by the defendant is not accompanied by any offer to show that he is an innocent holder of the note for value before maturity. Indeed, no proof of execution was offered. The whole offer made by counsel is, " I offer in evidence this note and claim by it and upon its face that the plaintiff here is personally liable for full amount of the note." Under these circumstances the status of the defendant is no higher than if he had been one of the original parties to the note. If this be so, then was it permissible for the plaintiff to show that the note, admitted in evidence, was in fact taken by the defendant as the note of the Thornbury Company and not as the note of Morris Williams ; that the proceeds of the note were applied to the purposes of that corporation ; and that Morris Williams executed it on behalf of the corporation by authority. Offers to make proof of substantially such matters were rejected by the court below, and (the note having been admitted in evidence) we believe erroneously: Barclay v. Pursley, 110 Pa. 13 ; Seyfert & Co. v. Lowe, 7 W. N. C. (Supreme Ct.) 39 ; Sharpe v. Bellis, 61 Pa. 69 ; Roberts v. Austin, 5 Wharton, 313 ; Hopkins v. Mehaffy, 11 S. & R. 126.

We are, however, prepared to go a step beyond this and take up the first question above suggested, namely, whether on the face of the note a personal liability on the part of Morris Williams is disclosed. The form of the execution of the note is above reproduced, (as nearly as may be done in print), as it appears upon the paper. The name of the corporation was appended by a stamp, the words, " Morris Williams, Treasurer," standing beneath and a little to the right of it in handwriting. The grounds upon which the plaintiff is alleged to be personally liable are that the body of the note does not contain the proper name of the promisors, its place being taken by the plural pronoun " we," indicating more than one promisor ; that the signature by the corporation by a stamp was an effective execution by the corporation ; and that the word, "treasurer," following the name of Morris Williams, is simply descriptio personæ. The court below held that the note evinced a personal liability by Morris Williams, and admitted it in evidence as a set-off. The exact question thus raised has not, so far as we have been able to learn, been decided in Pennsylvania. In

Reber's Estate, 15 Pa. Superior Ct. 122, it was suggested by the appellant, but in that case we were not required to decide the point. This was stated in the opinion by our Brother BEAVER, who did express, however, the personal view that the finding of the lower court was sustainable. In addition to the briefs submitted by counsel in the case now before us, we have had the assistance of the briefs submitted · in the Reber case. We have thus had called to our attention a huge mass of citations bearing upon nearly every phase of the question. Much discord is to be found among the cases cited. To attempt to analyze or harmonize them in an opinion, would be an interminable task. A large number of them are collected in the note to Matthews v. Dubuque Mattress Co., 19 L. R. A. 676, where a list is given of cases sustaining the conclusions hereinafter expressed.

If the proper name of the corporation had been inserted in the body of the note as the name of the promisors, or if the word " by " had been written before the name " Morris Williams, Treasurer," in the execution, no great difficulty would be found in construing the written obligation. We must, however, take the paper as we find it. The use of the word, " we," referring to a corporation, is quite as apt as when applied to a plurality of promisors. We predicate little upon its use or upon the absence of the corporate name in the body of the note. The omission of the word " by," before the name of the treasurer, has more significance. The appending of the name of a corporation to a written instrument is a manual act whether written or stamped. If it be conceded that the writing or stamping of the corporate name constitutes a binding execution by a corporation, nevertheless, the appending of the signature of one who signs as an officer, is not only customary but adds to the force of the execution by exhibiting to the taker or holder of the obligation the name of the person executing the document for the corporation, and the official authority by which he assumes to act. Thus, while the insertion of the word " by " aids materially in determining the intent in appending the personal signature, yet its absence is not conclusive of an intent on the part of the officer appending his name to the corporate title, to become personally liable. The physical position of the name of the treasurer upon the note has significance. It stands beneath and a little to the right of

the name of the corporation. This is the form known to be customary in the signing of a paper by one acting on behalf of the signer.

We, perhaps, should call attention to the inapplicability of the case of Ulam v. Boyd, 87 Pa. 477, cited to us by the appellee. This case (to which may be added Quigley v. DeHaas, 82 Pa. 267) is one where the obligation was executed by the signer by appending a seal to the individual signature. The distinction between such a case and the one before us is marked by Chief Justice GIBSON, in Hopkins v. Mehaffy, supra: "In general, it is true, that there is a distinction between contracts that are entered into on the part of the government, by its agents, and those which are entered into on the part of individuals or corporations, by those who represent them. In respect of the first it may safely be asserted, that whether the contract be by parol or by deed, the public faith is exclusively relied on, whenever the agent does not specially render himself liable. In respect of the second, where the contract is by parol, the agent is liable only where he had no authority to bind his principal; but the agent of an individual or corporation, covenanting under his seal, for the act of his principal, although he describe himself as contracting for and on behalf of his principal, is liable on his express covenant, whether he had the authority of the person he thus professes to bind or not." As no offer was made to supplement the offer of the note by proof in explanation or reformation of the form of execution, we do not pass upon the admissibility of such proof. We hold only that the note on its face does not evince a personal liability by Morris Williams, and was therefore inadmissible in evidence as a set-off in a suit brought by him in his individual capacity.

The judgment is reversed and a venire facias de novo is awarded.