## Grange Trust Company *v.* Brown, Appellant.

*Practice, C. P.—Rules of court—Plea—Non est factum—Promissory note—Indorsers—Proof of signatures.*

1. In an action upon a promissory note, the plaintiff will not be required to prove signatures of indorsers, where the defendant has failed to comply with a rule of court which requires a plea of non est factum to be filed and verified by oath, and it is sought to put in issue the execution of a writing on which the suit is founded.

*Promissory notes—Indorsement—Indorser signing as agent.*

2. An indorser's signature followed merely by the word "agent" makes the indorser personally liable, inasmuch as such an indorsement is not restrictive.

3. In an action on a promissory note by a trust company where the defense is that the note was fraudulently disposed of by the payee, the defendant has the right to freely cross-examine the treasurer of the plaintiff in order to show that the plaintiff was not a holder in due course, without notice, so as to cast the burden on the plaintiff of proving its right to recover under the Act of May 16, 1901, P. L. 194.

4. In an action upon a promissory note where the main question is whether or not the note was fraudulently used and disposed of by the payee, and the testimony on the subject is oral, the case must be referred to the jury to determine the credibility of the witnesses and the weight to be given their testimony.

5. If in such a case the defendant can sustain his allegations of fraud, the burden is upon the plaintiff to show affirmatively that it was an innocent purchaser for value without knowledge of the fraud.

Argued Oct. 27, 1911.  Appeal, No. 202, Oct. T., 1911, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1910, No. 2, on verdict for plaintiff in case of The Grange Trust Company v. Harry Brown.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Reversed.

Assumpsit upon a promissory note.  Before WOODS, P. J. The note was as follows:

" $602.              HUNTINGDON, PA., Dec. 16, 1909.

" Four (4) months after date I promise to Pay to the order of Henry Kahn, Agent, at the First National Bank of Huntingdon, Pa.

Six hundred and two.................. $^{00}/_{000}$  Dollars, without defalcation for value received.

No. 1656, Due Apr. 18—10.            HARRY BROWN.
Endorsed: Henry Kahn, Agt.

        Charles B. White, Agt. "

The note was admitted in evidence under objection and exception.

The defense was that the note had been fraudulently used and negotiated by Henry Kahn, the payee.

When C. F. Bell, plaintiff's treasurer, was on the stand, he was asked this question: " Q. When he indorsed this paper as agent, you knew that he was representing somebody else in the negotiation of the paper? "

Mr. Woods: It is objected to as immaterial, irrelevant and inadmissible.

The Court: Objection sustained. Evidence rejected. Bill of exceptions sealed for defendant. [7]

I propose to ask the witness on the stand whether or not at the time he, as cashier of this bank, purchased this paper indorsed by Charles B. White, as agent, whether he knew that Charles B. White was representing some principal, who then was the true owner of the note.

Mr. Woods: It is objected to as immaterial, irrelevant, inadmissible.

The Court: Objection sustained. Evidence rejected. Bill of exceptions sealed for the defendant. [8]

Mr. Waite: "Q. Did you make any inquiry of White, as to who he was agent for?"

Mr. Woods: It is objected to as immaterial, irrelevant, inadmissible and incompetent.

The Court: Objection sustained. Evidence rejected. Bill of exceptions sealed for the defendant. [9]

Mr. Waite: "Q. Have you any knowledge at the present time as to whom Charles B. White represented in the negotiation of this paper in your bank?"

Mr. Woods: It is objected to that any knowledge that this officer of this trust company has at the present time is utterly immaterial, irrelevant and inadmissible in this issue.

The Court: Objection sustained. Evidence rejected. Bill of exceptions sealed for the defendant. [10]

"Q. At the time you bought the paper from Charles B. White, agent, did you make any inquiry as to who the real owner of the note was, and whom he was representing in the negotiation of it?"

Mr. Woods: I object to that question, as it is utterly immaterial, irrelevant and inadmissible in this case.

The Court: Objection sustained. Evidence rejected. Bill of exceptions sealed for the defendant. [11]

"Q. What I want to know is at the time you discounted the note for Charles B. White, agent, did you know or

make any inquiry as to who the actual owner of the paper was?"

Mr. Woods: We object.   The question is utterly immaterial, irrelevant and inadmissible.

The Court: Objection sustained.   Evidence rejected. Bill of exceptions sealed for the defendant. [12]

John E. Smucker, witness on the stand: "Q. Did you know that it was Harry Brown's signature when the note came before you?"

Mr. Woods: I object to that as utterly immaterial.

The Court: Objection sustained.   Evidence rejected. Bill of exceptions sealed for defendant. [13]

Harry Brown, witness on the stand.

Mr. Henderson: Counsel for the defendant now proposes to show by the witness upon the stand, who is the defendant in this case, that the defendant, the maker of the note in question, was induced to sign said note by reason of false and fraudulent representations made to him, the said defendant, by the said Henry Kahn, payee in said note.

2. That after the said Henry Kahn, agent, payee in the note in question, had fraudulently procured the signature of the said maker to the note, he, the said Henry Kahn, agent, payee in the note, falsely and fraudulently negotiated it.

3. The said Henry Kahn, agent, called upon the defendant at his place of business at Huntingdon, Pa., on or before December 16, 1909, and represented to the said defendant that he was an insurance agent for the Pennsylvania Underwriters Company of Pittsburg, Pa., and requested that the said defendant take out life insurance with that company.   The said Henry Kahn, agent, told the defendant that he would give him life insurance for $10,000 at $602 for the first premium.   This insurance was to be taken within six months from that date, December 16, 1909.   That is to say, the defendant had an option to either take or not to take up the insurance within six months from on or about December 16, 1909.   Said defendant also had the right and option for six months on

forty shares of stock of the Pennsylvania Underwriters Company of Pittsburg, Pa., at the rate of $15.00 per share. The said Henry Kahn, agent, by his false and fraudulent representations induced the said defendant to execute and deliver to him said note for the aforesaid premium. The said Henry Kahn, agent, then and there representing to the said defendant that he would hold the said note during the six months' option, and that he would not get said note discounted, and that if the said defendant decided not to take the insurance within the six months' option, that he, the said Henry Kahn, agent, would return said note to the said defendant, but that on or about December 16, 1909, the said defendant decided he would not take said life insurance and he immediately so notified the Pennsylvania Underwriters Company to that effect and requested the return of his note. That by reason of these false and fraudulent representations made by the said Henry Kahn, agent, the payee in the note, the defendant was induced to execute the paper in question, and that after the execution and delivery of this paper to Henry Kahn, agent, the said Henry Kahn falsely and fraudulently negotiated it in violation of the agreement which he had with the defendant.

Mr. Woods: It is objected to, first, the plaintiff in this case having proven that he was the holder of this note for value, before maturity, and also holders in due course, before maturity, and the paper in evidence being a negotiable note, the evidence offered is utterly immaterial, incompetent and inadmissible.

The Court: Objection sustained. Evidence rejected. Bill of exceptions sealed for the defendant. [14]

The court gave binding instructions for plaintiff.

Verdict and judgment for $632.10 for plaintiff. Defendant appealed.

*Errors assigned* were (4) in giving binding instructions for plaintiff; (6–14) rulings on evidence, quoting the bill of exceptions.

*H. H. Waite*, with him *Howard L. Henderson*, for appellant.—The signatures of the two indorsers not being proven, the note was not properly admitted: Dexter v. Powell, 14 Pa. Superior Ct. 162; Sunday v. Dietrich, 16 Pa. Superior Ct. 640.

Upon the trial of an issue involving questions of fraud, great liberality should be allowed in the admission of evidence, that the jury may be able to determine from all the circumstances whether the transaction was fraudulent or not: Com. v. Hyde, 39 Pa. Superior Ct. 261; Troxell v. Malin, 9 Pa. Superior Ct. 483; Stauffer v. Young, 39 Pa. 455; Herrman v. Bredo, 42 Pa. Superior Ct. 427.

*James S. Woods*, with him *J. R. Simpson* and *W. B. Simpson*, for appellee.—In this case no plea was filed putting in question the execution of the note upon which suit was brought. We also feel that this rule would cover an indorser, and that to put in question, under that rule, the indorsements, would also require an affidavit. A party signing himself as agent, who does not disclose his principal, is personally liable. If he discloses his principal he is not liable in his individual capacity: Sharpe v. Bellis, 61 Pa. 69; Birmingham Iron Foundry v. Regnery, 33 Pa. Superior Ct. 54.

The ruling in the fourteenth assignment was proper: Partridge v. Partridge, 38 Pa. 78; Rumberger v. Golden, 99 Pa. 34; Weiss v. Marks Brothers, 11 Pa. Dist. Rep. 759; Faux v. Fitler, 232 Pa. 33; Fuller v. Law, 207 Pa. 101.

OPINION BY MORRISON, J., March 1, 1912:

This action of assumpsit was brought by the Grange Trust Company to recover from the defendant, Harry Brown, the amount of a promissory note, dated December 16, 1909, payable to the order of Henry Kahn, agent, four months after date, for the sum of $602. The note was signed by Harry Brown, defendant, and indorsed, Henry Kahn, agt.; Charles B. White, agt. The plaintiff claimed to be the holder and owner of the note in due

course, for value, having purchased it before maturity. The plea was non assumpsit.

At the trial the plaintiff proved by the affidavit of defense that the defendant signed and delivered the note to Henry Kahn, and then put its treasurer, Mr. Bell, on the stand and he testified to the purchase of the note for value on December 22, 1909. Plaintiff's counsel then put the note and indorsements in evidence without proving the signatures of the indorsers. There appears to be a rule of court in Huntingdon county, as follows: "Pleas in abatement and other dilatory pleas, puis darien continuance, the plea of non est factum and any other plea, in order to have the effect of putting in issue execution of writing on which the claim is founded, shall be drawn at length and filed, and shall be verified by the affidavit of the party or some one for him." In the present case no such plea verified by affidavit was filed. We think the rule of the court and the provisions of the Act of assembly of May 16, 1901, P. L. 194, obviate the effect of the decision in Mc-Cormick v. Trotter, 10 S. & R. 94, and, therefore, the plaintiff made a prima facie case, under the pleadings, by putting the note and indorsements in evidence. The defendant's counsel were bound to know the rules of their own court and if they wished to place on the plaintiff the burden of proving the signatures of the indorsers they should have complied with the rule. We do not think the indorsements on the note, each name being followed by the abbreviation "agt." cut much figure in this case. These indorsements disclose no principals of the indorsers, and therefore they were personally liable; such indorsements are not restrictive: Sharpe et al. v. Bellis, 61 Pa. 69. The first, second and third assignments are not sustained.

In view of the offers made by the defendant's counsel, both in cross-examination of plaintiff's witnesses and in direct offers on the part of the defendant, we think the court erred in giving a binding instruction in favor of the plaintiff. The fourth assignment of error is sustained. We do not sustain the fifth and sixth assignments.

We think when the plaintiff put Mr. Bell, its treasurer, on the stand, the defense being that the note was fraudulently disposed of by Henry Kahn, agt., payee, the defendant's counsel had the right to freely cross-examine Mr. Bell with a view to show, if they could, that the plaintiff was not a holder in due course, without notice, so as to cast the burden on the plaintiff of proving its right to recover under the rules provided in the act of 1901, supra, and the decisions applicable thereto. We therefore think the learned court erred in the rulings excluding the questions propounded to Mr. Bell on cross-examination. The seventh, eighth, ninth, tenth, eleventh and twelfth assignments are sustained.

We also think the court erred in refusing to allow John E. Smucker to answer the question propounded to him as set forth in the thirteenth assignment of error and it is sustained. The defendant was, we think, clearly entitled to prove his offers set forth in the fourteenth assignment of error. If the note was procured and put in circulation through the fraud of Henry Kahn, payee, and the defendant could prove this by the required quantity and quality of proof, the question of the credibility of the witnesses should have been submitted to the jury.

The great question in this trial was whether or not the note was fraudulently used and disposed of by Henry Kahn, agent. If the defendant could produce a sufficient quantity and quality of oral testimony to sustain his averment of fraud, then the court ought to have referred such testimony to the jury, and the same rule applies to the oral testimony of Mr. Bell and Mr. Smucker. It has been so often decided that when an important question in the trial of a case depends upon oral testimony, it must be referred to the jury to determine the credibility of the witnesses and the weight to be given their testimony, that it now ought to be unnecessary to cite cases on that question.

If the defendant can sustain his allegations of fraud in regard to the note in question, then the burden is upon the

plaintiff to show affirmatively that it was an innocent purchaser, for value, without knowledge of the fraud: Second National Bk. of Pittsburg v. Hoffman, 229 Pa. 429. See also Schultheis v. Sellers, 223 Pa. 513. The fourteenth assignment of error is sustained.

The learned court below and the counsel for appellee seemed to have attached much importance to the cases of Partridge v. Partridge, 38 Pa. 78, and Rumberger v. Golden, 99 Pa. 34, but in view of the condition of this case when the court excluded the defendant's testimony and gave a binding instruction in favor of the plaintiff, those cases have no application whatever. They both apply to a nudum pactum contract, while the defense sought to be made here was based upon fraud in procuring and negotiating the note. The learned court further held that the case of Second National Bk. v. Hoffman, 229 Pa. 429, has no application to the questions raised in the present case. In this we think the court is in serious error. In our opinion, the doctrine of that case applies very closely to a proper trial and disposition of the case in hand.

The judgment is reversed with a venire facias de novo.