# HENRY C. ADAMS, APPELLANT, *v.* THE FORT PLAIN BANK, RESPONDENT.

*Attorney—General Authority ceases when—Costs—Statute of Limitations begins to run when.*

It seems that the general authority of the attorney in a case ceases at the rendition of judgment therein, and his fees then become due and payable. The subsequent proceedings requiring the services of an attorney are only contingently necessary, and when necessary may be performed by another with substitution. The right of the attorney to collect his costs is in no degree dependent upon their being collected.

The statute of limitations upon a demand for attorney's fees and costs commences running from the date of the judgment in the cause in which the services were rendered, and the costs accrued.

*H. C. Adams* for Appellant.

*A. J. Johnson* for Respondent.

DAVIES, C.J.—The Plaintiff brings this action, as the assignee of Henry Adams, to recover for certain costs and professional services due him, and rendered to the Defendants by the firm of Adams & Lobdell. The referee, to whom the action was referred, found the following facts:

1st. That on the 9th of August, 1842, an action was commenced in the Supreme Court of this State, in favor of the Defendants, against certain parties, wherein the said Henry Adams was the attorney for the Plaintiffs therein; that no services were done, or disbursements paid or incurred therein, by said Henry Adams, for said Plaintiff, subsequent to the 9th day of August, 1842; and that on the 10th day of August, 1842, the Plaintiff in said action was indebted to said Henry Adams, for services and disbursements in said action, in the sum of eleven dollars and fifty-five cents.

2d. That a judgment was entered up in the Supreme Court in favor of the Defendants in this action, against certain persons named, on the 14th of August, 1849, wherein the said Henry

Adams was the attorney for the Plaintiff therein; that no ser-
vices were done, or disbursements paid or incurred by said Henry
Adams, in said action, after August 14th, 1849; and that, on the
day last mentioned, the said Plaintiff in that action was indebted
to said Adams, for his services and disbursements in said action,
in the sum of $5.78.

3d. That another judgment was entered in said Court in favor
of this Defendant, as Plaintiff, against certain persons, by said
Adams, as attorney for Plaintiff, on the 21st of June, 1850; that
after said last-mentioned day, said Adams performed no services
therein, or paid or incurred any disbursements in said action; and
that on said last-mentioned day, the said Defendant in this action
was indebted to said Adams, for his services and disbursements in
said action, in the sum of $72.32.

4th. That said Defendant was indebted to said Adams, for ser-
vices rendered by him in the year 1839, in going to Sharon, and
securing a debt due to said Defendant from one J. H. Ramsey.

5th. That on the 26th day of January, 1847, a judgment was
entered up in favor of the Defendant in this action, against cer-
tain persons, wherein said Adams and Daniel G. Lobdell were
the attorneys for the Plaintiff therein; that no services were ren-
dered, or disbursements made or incurred in said action, by said
Adams & Lobdell, for the Plaintiff therein, after said 26th day
of January, 1847; and that on said last-mentioned day, the De-
fendant in this action was indebted to said Adams & Lobdell,
for their services and disbursements in said cause, in the sum of
$16.26.

6th. That a judgment was entered in the Supreme Court, on
the 25th day of February, 1847, in favor of the Defendant in this
action, against the parties therein named, wherein the said Adams
& Lobdell were the attorneys for the Plaintiff; that no services
were rendered in said action, or disbursements paid or incurred
by them in said cause, for the Plaintiff therein, subsequent to the
25th of February, 1847; and that on the last-mentioned day the
Defendant in this action was indebted to said Adams & Lob-
dell, as attorneys therein, in the sum of $23.91.

7th. That another judgment was entered in the Supreme Court on the 28th day of February, 1847, in favor of the Defendant in this action, against the parties therein named, and that said Adams & Lobdell were the attorneys for the Plaintiff therein; and that no services were rendered, or disbursements paid or incurred by them, in that cause, after the said 25th of February, 1847; and that on said last-mentioned day, the Defendant in this action was indebted to said Adams & Lobdell, for their services and disbursements in said action, in the sum of $23.91.

8th. That another judgment was entered in the Supreme Court, on the 25th of February, 1847, in favor of the Defendant in this action, against certain parties therein named, wherein the said Adams & Lobdell were the attorneys for the Plaintiff therein; that no services were rendered, or disbursements paid or incurred by said Adams & Lobdell, in said cause, after the said 25th of February, 1847; and that on said last-mentioned day the Defendant in this action was indebted to said Adams & Lobdell in said cause in the sum of $16.81.

9th. That a judgment was entered in the Supreme Court, on the 17th day of March, 1847, in favor of the Defendant in this action, against certain parties therein named; that said Adams & Lobdell were the attorneys for the Plaintiff therein; and that no services were rendered, or disbursements paid or incurred in said cause, for the Plaintiff therein, subsequent to the 17th day of March, 1847; and that on said last-mentioned day, the Defendant in this action was indebted to said Adams & Lobdell, for their services and disbursements therein, in the sum of $14.66.

10th. That a judgment was entered in the Court of Common Pleas, of the County of Montgomery, on the 22d of January, 1847, in favor of the Defendant in this action, against certain parties therein named, wherein the said Henry Adams was the attorney for the Plaintiff; that no services were done, or disbursements paid or incurred by said Adams, in said cause, after the 22d of January, 1847; and that the Defendant in this action was, on the day last mentioned, indebted to the said Henry

Adams, for his services and disbursements in said cause, in the sum of $21.85.

11th. That the Defendant in this action became indebted to said Adams & Lobdell, for services done by them as attorneys, on the 8th of February, 1847, in the sum of $13.00.

12th. That all the interest of said Lobdell in said several demands, was assigned to said Henry Adams, and vested in him on the 13th day of April, 1847.

13th. That said Henry Adams assigned all his title and interest in said demands to the Plaintiff in this action, on the 7th day of June, 1855.

14th. That Adams & Lobdell were partners, as attorneys and counsellors-at-law, from Oct. 15th, 1845, to Sept. 13th, 1847; and that on said last-mentioned day they dissolved such partnership.

15th. That the prospective services charged in the bills of costs in the several causes mentioned had never been rendered; that the attorneys for the Plaintiff in said actions have always been ready and willing to perform such prospective services, and that they have never been requested to perform any of such prospective services, nor notified that their services were not wanted; and that said attorneys were retained by the Plaintiff in said causes respectively.

16th. That the Defendant in this action is an association, duly organized under the general banking law of this State, and that this action was commenced on the 8th day of June, 1855; that at the time of the assignment of said demands to this Plaintiff, he was, and ever since has been, an attorney and counsellor-at-law.

17th. That said Plaintiff is the owner of the said several demands, and the same have never been paid.

18th. That none of the items or demands so assigned to the Plaintiff, and embraced in the complaint, accrued within six years preceding the commencement of this action except those mentioned in the second and third findings:

And as a conclusion of law the referee did find and determine

that, as to each of the demands mentioned in the 1st, 4th, 5th, 6th, 7th, 8th, 9th, 10th, and 11th findings, the Plaintiff was not entitled to recover; and that as to the demands mentioned in the 2d and 3d findings, the said Plaintiff was entitled to recover the amount thereof, viz., the sum of $78.10; and he gave judgment for that amount, which, on appeal, was affirmed at the General Term.

Upon the facts found by the referee; and which are conclusive upon this Court, it is very clear that the Plaintiff cannot recover upon the demands mentioned in the 1st, 4th, 5th, 6th, 7th, 8th, 9th, 10th, and 11th findings. The Defendant was indebted upon those several demands for more than six years before the commencement of this action, and no fact is found which takes them out of the operation of the Statute of Limitations. Upon the facts found, the right of action upon those several demands accrued more than six years before the commencement of this action. It is found that the Defendant was indebted upon the said several demands more than eight years previous to the commencement of this action, and that none of said items or demands accrued within six years preceding the commencement of this action. If the Defendant was indebted for the amount of the several demands, as found by the referee, on the several days mentioned, then at these several times there was a debt due from the Defendant to the Plaintiff's assignors, and a right of action at that time existed for the recovery thereof.

The circumstance that the indebtedness was created for services rendered, and disbursements paid or incurred in the conduct of suits by the Plaintiff's assignors, as the attorneys and counsel of the Defendant, does not change the law, or prevent the Statute of Limitations attaching. There is no exception in the statute which exempts, from its operation debts due to an attorney or counsel for costs or professional services. Debts due to persons holding this relation to a debtor are subject to the same disabilities as those due to merchants, physicians, or any other class. If an indebtedness exists, it is presumed to be paid at the expiration of six years, if no circumstances are shown which saves it

from the operation of the statute. It is not denied that the right of action of the Plaintiff's assignors, to commence a suit upon the several demands mentioned in all the findings, was perfect at the several times therein mentioned. If so, it conclusively follows that, if such action were not commenced within the time limited by the statute, it is barred, and cannot be maintained. The distinct finding by the referee, that none of the items or demands embraced in the complaint, except those in the 2d and 3d findings, accrued within six years preceding the commencement of this action, furnishes a conclusive answer to the learned and ingenious argument of the Plaintiff. It is wholly immaterial that the Plaintiff's assignors might have been called upon to render further services, or make further disbursements, or that they were ready and willing to render or make the same. We have the controlling fact that no such services were rendered, or disbursements made, within six years preceding the commencement of this action; and the arguing as to what would have been the duty of such attorneys, in any such contingency, becomes wholly irrelevant, in view of the facts found. The rule that the statute does not begin to run against the claim of an attorney, for professional services, until he no longer acts in that matter as attorney, has no application to the facts found by the referee. It does not appear that the Plaintiff's assignors continued to act in the several matters specified, as attorneys, up to within six years of the commencement of this action; on the contrary, the findings rebut any such presumption. Parsons, in his work on Contracts (vol. 3, p. 93), lays down the rule, which is conclusive upon the facts found in this case. He says the statute would undoubtedly run against the claim of an attorney for professional services, if the services were in any way brought to an end, because he could then bring an action for his services at once. The test, therefore, being whether the statute begins to run or not, is, could an action be commenced at once for the demands? Now, if this Defendant was indebted to the Plaintiff's assignors, on the several days mentioned in the findings of the referee (and we are compelled to assume that he was), then it follows that an action

upon such demands could have been commenced at once, and it also follows that the statute then began to run. It is a necessary consequence that the referee decided correctly in holding that the Statute of Limitations would be a bar to any recovery upon the demands mentioned in the 1st, 4th, 5th, 6th, 7th, 8th, 9th, 10th, and 11th findings.

The referee correctly held that the Plaintiff was entitled to recover the amount of the two demands mentioned in the second and third findings. The indebtedness arose upon these demands within six years before the commencement of this action. This action was commenced on the 8th of June, 1855, and the indebtedness arose upon the demand mentioned in the second finding, amounting to the sum of $5.78, on the 14th day of August, 1849; and the indebtedness upon the second demand arose upon the 21st of June, 1850, amounting to the sum of $72.32; and for which two items the referee gave judgment. But I am unable to concur with him in his disallowance of interest to the Plaintiff upon those sums, from the several days upon which said indebtedness accrued. We take his findings as conclusive, and from them it appears that, on the 14th of August, 1849, the Defendant was indebted to the Plaintiff's assignors in the sum of $5.78, and on the 21st of June, 1850, in the further sum of $72.32. The rule of interest principle which governs the allowance was clearly enunciated in Van Rensselaer *v.* Jewett (2 Coms. 138), that where a debtor is in default for not paying money in pursuance of his contract, justice requires that he should indemnify the creditors for the wrong which has been done by him, and just indemnity, though it may sometimes be more, never could be less than the specified amount of money, with interest from the time of the default until the obligation is discharged; and if the creditor is obliged to resort to the Courts for redress, he ought in all such cases to recover interest in addition to the debt, by way of damages. And Judge Bronson, in the opinion of the Court, says: "But the Courts in this and other States have for many years been tending to the conclusion, which we have finally reached, that a man who breaks his contract to pay a debt, shall indemnify

the creditor, so far as that can be done, by adding interest to the amount of damage which was sustained by the breach. The rule is just in itself; and we think the question should be regarded as settled." Interest is generally payable from the time the principal ought to be paid (Farquhar *v.* Morris, 7 Term. R. 124; Purdy *v.* Philips, 11 N. Y. R. 406; Daua *v.* Fiedler, 12 id. 40). The referee having found that the Defendant was indebted to the Plaintiff's assignors, on the 14th of August, 1849, in the sum of $5.78, and on the 21st of June, 1850, in the further sum of $72.32, the Plaintiff was entitled, not only to recover those sums, respectively, but interest thereon from those dates. Upon the facts before us, these sums were due, at those dates, from the Defendant to the Plaintiff's assignors; in the language of the referee, the Defendant, on those days respectively, was indebted to the Plaintiff's assignors in said two sums. It is not our province, and we are not called upon to examine the evidence, to ascertain how this indebtedness arose. It is found as a fact that such indebtedness specifically existed, in a certain, ascertained amount; and, consequently, it became presently due and payable, and an action could then have been maintained for its recovery, and it follows that interest was recoverable on the amount from the day the same became due.

The only exception taken to the admission or rejection of evidence was to the admission by the referee, notwithstanding the objection of the Plaintiff, that, at the time of the assignment of these demands to the Plaintiff, he was an attorney and counsellor, and practised as such in the Supreme Court, and ever since had been. This testimony was wholly irrelevant and immaterial, unless coupled with the offer to show that the Plaintiff made the purchase of these demands with the intent to prosecute them in violation of the statute. The referee properly disregarded this evidence, and it did not in any degree influence his decision. It therefore produced no injury to the Plaintiff, and should be disregarded.

But for the reason that the referee did not allow the Plaintiff interest on the two sums mentioned, from the day the same were

due and payable, the judgment must be reversed, and a new trial ordered, costs to abide the event.

Parker, J. (dissenting).—The objection made by the Plaintiff to the evidence offered by the Defendants, that he was an attorney and counsellor-at-law at the time of the assignment to him of the demands in suit, was properly overruled. It was competent to the Defendants to show that the Plaintiff had purchased the demands, contrary to the statute forbidding attorneys, &c., from buying choses in action, for the purpose of bringing suits thereon (2 R. S. 288, 1st ed.). The fact that Plaintiff was such attorney and counsellor would not, of itself, show that the demands were purchased in contravention of the statute, but it was a necessary step in the proof, and therefore admissible. The Plaintiff's objections were, that it was immaterial and improper, and that it proves no material fact in and of itself. It was manifestly material, as above shown, and therefore itself a material fact, and proper. But if it were erroneously admitted, it is seen that the error did not harm the Plaintiff, for he was allowed to recover, which he could not have done if the referee had regarded the proof sufficient to show a breach of the statutory prohibition.

In regard to the Statute of Limitations, the Plaintiff insists that it does not apply to any of the demands which accrued from the services of his assignors in the prosecution of actions for the Defendants, although those actions had proceeded to judgment more than six years before the commencement of this action, because there were prospective services in such cases for the attorney to perform, which have not yet been performed, and the contract was entire for the performance of those, as well as for what had already been performed. If the Plaintiff's doctrine is adopted, I am unable to see on what principle the action can be maintained at all, in the face of the familiar rule that where the contract is entire, "the entire fulfilment of the promise by either, is a condition precedent to the fulfilment of any part of the promise by the other" (Story on Con. § 22). In that view the action is premature. It is not found by the referee that there was any special

contract between the Defendants and the Plaintiff's assignors, in reference to the actions prosecuted by them. We cannot say, therefore, that such assignors undertook to collect the debts on which they brought the suits, or that there was any undertaking further than to prosecute the demands to judgment. The judgment is the termination of the action, and the rule, as stated by Cowen, J., in Lusk *v.* Hastings (1 Hill, 656), is, "that the power of the attorney, under his general warrant, expires when judgment is rendered; for thereby, says Lord Coke, *placitum terminatur* (2 Inst. 378). 'The Defendant,' says Gillut, 'is out of court by the judgment, for the warrant of attorney is *quousque placitum terminatur.*'" So that it would seem that the learned judge who gave the opinion of the Court in Walradt *v.* Maynard (3 Barb. 584) was correct in saying: "The authority of an attorney, in virtue of an original retainer in a suit, continues until final judgment is actually perfected; and as a general rule, and for general purposes, *no longer.*" Although, for some specific purposes, his authority and obligation continue after judgment, still the judgment is the goal, upon reaching which his general powers cease, and his fees, without demand, are to be deemed payable. The subsequent proceedings requiring the services of the attorney, are only contingently necessary; and, when necessary, another attorney may perform them without formal substitution. In many, if not in most cases, they are dependent upon the will of the client, and the rule would be a very unreasonable one which should suspend the attorney's right to compensation at the will of his client. I do not think the law imposes upon an attorney the duty of waiting for his costs until an attempt to collect them from the other party has been made, nor is his right to them dependent, in any degree, upon their being so collected. The rule undoubtedly is, that when a party employs an attorney to conduct a suit, it is an entire contract to carry on the suit to its termination, unless determined by the attorney on reasonable notice (Harris *v.* Osbourn, 2 Cromp. & Mees. Exchr. R. 629; Whitehead *v.* Lord, 7 Exchr. R. 691). It was said by Judge Gibson, in Foster *v.* Jack (4 Watts, 334): "The attorney's right

to sue is not necessarily postponed till judgment is had ; nor does it then necessarily arise, especially where money is to be collected, or the judgment is to be enforced by further proceedings." As the case stands upon the findings of fact, it is impossible for this Court to say that any error of law has occurred in holding the demands barred by the Statute of Limitations. The character of the findings, in reference to the costs which accrued in actions wherein judgments were obtained, is as follows : " That a judgment was entered in the Supreme Court in favor of Joshua Webster, President of the Fort Plain Bank, Plaintiff, against Barney Becker, James C. Adams, and Dan. Scruton, Defendants, on the 26th day of January, 1847, wherein Henry Adams and Daniel G. Lobdell were attorneys for the Plaintiff. That there were no services done, or disbursements paid or incurred, in said action, by said Adams and Lobdell, for the Plaintiff therein, subsequent to the 26th day of January, 1847; and that on that day the said Plaintiff in said cause was indebted to said Adams and Lobdell for their services and disbursements, as attorneys in said cause, in the sum of sixteen dollars and twenty-six cents." This action not having been commenced within six years from the said 26th of January, 1847, the referee's conclusion of law was, that as to the said $16.26 the Plaintiff was not entitled to recover. It is impossible, I think, from the facts thus found, that the attorneys had not fulfilled their entire contract, in bringing the action to its termination by the perfecting of the judgment. It is not stated that they were retained to collect the demand, nor does that fact necessarily follow from the facts found. The facts found, therefore, are not sufficient to show that the Plaintiff's demand was not barred by the Statute of Limitations, as the referee found it was. The party appealing to this Court must present such a statement of facts as will show that a rule of law has been violated. If he does not, every intendment, not absolutely unreasonable, will be against him (Grant *v.* Morse, 22 N. Y. R. 323). But, as already intimated, the Plaintiff is in this dilemma—his demands are barred by the statute, or they are not even now due and payable. If they did not become due upon the perfecting

of the judgments, because the contracts were entire, and included the performance of services after judgment, no point of time has occurred since when they became due. The portions of the entire contract which the Plaintiff's assignors undertook to perform, after judgment, are yet unperformed, and, therefore, this action is premature. Upon the Plaintiff's theory, he was not entitled to recover, as he did, the costs in the judgments which were perfected within six years before this suit was brought.

In regard to the question of interest, I have not been able to agree with my brethren, who think the Plaintiff entitled to interest, on the amount recovered by him, from the time when the right of action therein accrued. As between the attorneys and their clients, the Defendants, the compensation to which the attorneys were entitled—no rate having been agreed upon—was unliquidated (Code, § 303 ; Stow *v.* Hamlin, 11 How. Pr. R. 452; Moore *v.* Westervelt, 3 Sandf. S. C. R., 762). In such case the recovery is on a quantum meruit. It was said in Van Rensselaer *v.* Jewett (5 Denio, 143): "When one is sued on a quantum meruit for work and services, as there has been no special agreement, he does not know how much will solve the debt. The amount is quite uncertain, and it requires a judgment or verdict to render it certain." Hence the debtor is not so in default, in not paying the debt, that he should be chargeable with interest. The ground on which interest was held to be recoverable in that case, both by the Supreme Court and by this Court on appeal, was that, inasmuch as the rent which was sued for became due at a day certain, although not payable in money, but in specific property and services, the Defendant was in default for not paying it, when due, in such specific property and services, and by reason of such default was chargeable with interest on the value of the property and services when ascertained by the verdict (2 Coms. 135). I am unable to see how the principle of that case can apply to this, and am, therefore, of the opinion that the judgment is right in respect to this question also, and that it should be affirmed.

Reversed.　　　　　　　　　　　　JOEL TIFFANY,
　　　　　　　　　　　　　　　　　　State Reporter.