HENRY R. MYGATT, Respondent, v. LUCINDA WILCOX and another, Appellants.

The statute of limitations does not begin to run upon the claim of an attorney for services and disbursements until the termination of the proceeding in which they were rendered and disbursed, where his employment was to conduct such proceeding to its termination.

Executors and administrators are personally liable for the services of an attorney on their final accounting, rendered upon their retainer.

Administrators, who retain an attorney to attend for them in proceedings against them on a final accounting before the surrogate, are jointly liable to such attorney, although their interests upon a distribution are different.

Interest is recoverable upon an attorney's account from the time it is rendered to the client.

(Submitted March 29th, and decided April 11th, 1871.)

APPEAL from the judgment of the late General Term of the Supreme Court in the sixth judicial district, affirming a judgment for the plaintiff upon the report of a referee.

This was an action brought by the plaintiff, for professional services rendered, and disbursements as an attorney and counselor-at-law, for the defendants. The answers were a general denial, and the statute of limitations. The defendant, Lucinda Wilcox, further answered that the plaintiff agreed that she should not be personally liable for services and disbursements, but that the plaintiff would look to and depend solely upon the estate of Whitman Wilcox, Jr., deceased.

The defendants and one Elisha B. ·Smith were the administratrix and administrators of said Whitman Wilcox, Jr., deceased. The plaintiff was employed in November, 1852, by the defendants, as their attorney and counsel in the Surrogate's Court of the county of Chenango, and before an auditor appointed by the surrogate, and also in the Supreme Court, and in the County Court of Chenango, and continued in the employment of the defendants, as said attorney and counsel, from November, 1852, until the 26th day of February, 1866.

The ·proceedings in the Surrogate's Court were upon the final accounting and settlement of the said administratrix and administrators, requiring a large amount of time and attention during the years 1852 to 1855, in that court, and before the auditor; which services in court were all rendered at places at distances from the residence of the plaintiff. Services were also rendered on appeal in the Supreme Court, during the years 1856 and 1857. In January, 1858, the General Term reversed the decree of the surrogate, when the whole case was ordered to be reheard by the surrogate of Chenango. On the 26th of February, 1866, the proceedings in Surrogate's Court were settled by the parties, and ended. This action was brought May 2d, 1867.

The plaintiff was employed by the defendants in the County Court, on a motion to issue an execution against Elisha B. Smith. A reference was ordered therein, in April, 1857, which reference was never executed, but the claim was settled by the parties, with their other matters in controversy, on the 26th of February, 1866.

The referee finds that the plaintiff was employed at the time aforesaid by the defendants, " to conduct the proceedings in the Surrogate's Court to their termination, and to take charge of their interests in the estate of the Whitman Wilcox, Jr., deceased," and that said proceedings and interests were not settled or terminated until the 26th day of February, 1866.

The reasonableness of the plaintiff's charges was not contested.

There was a report for the plaintiff, with interest upon the several disbursements from the time they accrued, and with interest upon the allowances for professional services from the settlement of the 26th day of February, 1866

The defendants severally filed exceptions to the decision of the referee.

On appeal, the General Term reversed the judgment entered upon the report of the referee, unless the plaintiff should stipulate to remit $281.33 from the judgment at its date, so as to leave the judgment for damages $2,090, besides cost, in which case said judgment to be affirmed, without costs of the appeal to either party.

The plaintiff served the stipulation remitting said $281.33 from the judgment at its date, and perfected judgment on said appeal for $2,090 damages, and the costs in the court below.

From that judgment this appeal was taken by the defendants.

*D. L. Follett* and *Isaac S. Newton,* for the appellants.

*Henry R. Mygatt,* in person.

Grover, J. It was conceded by the appellants, upon the trial, that the services of the respondent were reasonably worth the amount charged by him therefor. The questions raised by the exceptions are, whether the demand was barred by the statute of limitations ; second, whether the appellants were liable therefor personally or only in their representative capacity ; and third, if personally liable, whether they were so jointly. The demand of the respondent was not, nor any part thereof, barred by the statute, although more than six years had elapsed after the respondent was employed by the appellants as their attorney and counsel to attend to the proceeding instituted against them in the Surrogate's Court,

and to the appeal taken from the decree rendered by the sur-
rogate to the Supreme Court, and after such decree had been
reversed by the Supreme Court, and a rehearing ordered by the
surrogate. The statute did not begin to run upon the demand
for these services, and disbursements paid by the respon-
dent, until the termination of the proceeding before the
surrogate, by the settlement made by the parties. This
results from the nature of the employment of the respondent
by the appellants, which was to attend to the proceeding from
the time of his retainer until its final determination, unless
sooner terminated by the act of one of the parties. (3 Par-
sons on Contracts, 93; 11 Eng. Law & Eq., 587; 4 Binney,
339; *Whitehead* v. *Lord,* 7 Exchequer, 691; Angel on Limi-
tations, § 120; *Hall* v. *Wood,* 9 Gray, 60.) *Adams* v. *The
Fort Plain Bank* (36 N. Y., 255), cited by the counsel for
the appellants, so far from conflicting with this rule, really
sanctions it. The ground upon which it was held in that
case that certain portions of the plaintiff's demand were barred
by the statute, was that the suits in which the services were
rendered had been finally determined more than six years
prior to the commencement of the action, and that the statute
commenced running upon the services in each suit upon its
termination, although the plaintiff had been employed in
other suits by the defendant, which were pending and not
terminated until within the six years. The appellants were
personally liable to the respondent for his services, although
the proceeding in which he was employed by them was insti-
tuted against them as administrators. The services were ren-
dered at their request, and there was no pretence that the
respondent agreed to look to the estate represented by them
for payment therefor, or that they undertook to make the
estate liable to him, if, indeed, they had power to make it
liable to him therefor. A party who employs an attorney is
personally liable to him for his services, although acting as a
trustee or in a representative capacity in the business in which
he employs him. (*Bowman* v. *Tallman,* 2 Robertson, 385,
and authorities cited.) The appellants were liable jointly.

They were joint parties to the proceedings in which the services were rendered, and jointly retained the plaintiff. The fact that their interests upon a distribution of the estate were different was wholly immaterial. The plaintiff was entitled to recover interest upon his account, after it was rendered to the appellants. Then it should have been paid. (*Adams* v. *The Fort Plain Bank, supra.*) It appears that the referee made a mistake of $200 in footing the account of the respondent for services, in his favor. This mistake was for the first time pointed out by the counsel for the appellants in this court. It may well be doubted whether the exception taken to the report of the referee was sufficiently specific to make the error available in this court; but without considering this point, as the respondent has by stipulation consented to its correction, the judgment must be modified by reducing the amount $200, and the interest allowed thereon by the referee, and, as so modified, affirmed, with costs.