# LEVI S. GUSTINE, RESPONDENT, *v.* MARY R. STODDARD, APPELLANT.

*Statute of limitations—does not begin to run against attorneys' claim for services, until the termination of the action—is not affected by an intermediate assignment of the cause of action.*

In 1866 Messrs. Pond & French, as attorneys for S. S. Stoddard, commenced an action against one Whiting, in which they were defeated at the Circuit, but were successful in the Court of Appeals, a judgment in favor of the plaintiff being entered on May 16, 1872. Pending the appeal taken by him

'to the General Term, and on September 16, 1869, the plaintiff assigned his right of action to the defendant in this action subject to the payment of all costs and counsel fees of every name and nature, due to the said Pond & French, and to all costs which he then was or might become liable to pay to Whiting, which were assumed by the defendant.

In this action, brought by the assignee of Messrs. Pond & French, to recover for their services rendered in the action against Whiting, *Held*, that their claim for services was entire, and that the statute of limitations did not begin to run against it until the final termination of the action in 1872.

That they were entitled to recover for the services rendered before, as well as for those rendered after the assignment to the defendant.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover for professional services rendered by Messrs. Pond & French, which claim had been assigned to the plaintiff, embracing services rendered in different actions, and continuing from 1866 down to the time of the commencement of this action, May 25, 1877.

This appeal seeks to review two items, one of $60 and one of $500. As to the item of $60, the plaintiff, on settling the case, offered to deduct it, insisting, however, that it was correct. The principal question is on the item of $500. Pond & French, on the retainer of Abiel Stoddard, commenced an action in 1866, in the name of Sylvester S. Stoddard, against Lewis E. Whiting. Judgment therein for dismissal of the complaint, with costs, was entered May 8, 1869. Appeal was taken May 29, 1869, to the General Term. September 16, 1869, Sylvester L. Stoddard assigned to defendant his right of action by a sealed instrument. Therefrom, on the employment of the defendant, Pond & French proceeded with the action. It went to the Court of Appeals, where the plaintiff succeeded, March 5, 1872. (See 46 N. Y., 627.) Under the judgment in favor of plaintiff thus obtained a reference was had, beginning April, 1872, and continued to May 16, 1872, when a report was made, stating the amount to be paid by defendant, assignee of the plaintiff, in that action, to redeem the premises. Such payment was accordingly made, and the premises were conveyed by Whiting to defendant.

The services of Pond & French before the assignment to defend-

ant were worth $500. The question is, whether the claim for those services is barred by the statute of limitations.

The assignment by Sylvester S. Stoddard to defendant is made, " subject to the payment by said Mary R. Stoddard of all costs and counsel fees of every name and nature, due to Pond & French, my attorneys, in the action, and all costs which I am now liable for, or may become liable to pay to the defendant in said action, if any; all which said Mary R., by accepting this assignment and transfer, agrees to and does assume."

P. H. Cowen, for the appellant.

A. Pond, for the respondent.

LEARNED, P. J. :

The contract of the attorney who prosecutes a suit is entire. The statute does not begin to run until his relation to the suit as attorney has ceased. (*Bathgate* v. *Haskin*, 59 N. Y., 533.) This is the doctrine of *Adams* v. *Fort Plain Bank* (36 N. Y., 255), *Mygatt* v. *Wilcox* (45 Id., 309.) If, for instance, there had been no assignment to the defendant, the relation of Pond & French to the suit as attorneys would not have ceased till May 16, 1872; and the statute would not have commenced running until that time. The only question here presented relates to the effect of the assignment to the defendant, and of her assumption of the costs, for which Stoddard was then liable. Now, clearly, her assumption of these costs did not make her liable any sooner than Stoddard would have been. She stepped into his place and became liable just as he had been. As against Stoddard, it is above shown that the right of action would have arisen on the termination of the action. The defendant stands in the same position. If Messrs. Pond & French, immediately on the making of the assignment to the defendant, had sued her, she might well have answered in defense, that their contract was entire, and had not yet been completed; that she had not undertaken to pay, so long as their relation to the suit as attorneys continued.

Of course these remarks do not mean that the client may not terminate the relation at pleasure; or the attorney, on reasonable

notice. None of these questions arise here. For the relation was continued the same after the assignment as before, with the assent of the parties. We think, therefore, that the claim of $500 was not barred by the statute.

As to the item of $60, we think that the statute of limitations is sufficiently pleaded. The payment of $30 did not take this claim out of the statute of limitations. It was not made on account of this claim. Nor is the present case analogous to *Smith* v. *Velie* (60 N. Y., 106).

The plaintiff, having offered to deduct this $60, the judgment should be affirmed, with costs of appeal, on plaintiff's stipulating to deduct the amount of $60 from the judgment.

Present—LEARNED, P. J., BOCKES and LANDON, JJ.

Judgment affirmed, with costs, on plaintiff's stipulating to deduct $60 from recovery.