[S. F. No. 3794.　Department Two.—June 11, 1904.]

In the Matter of the Estate of PATRICK CUMMINS, Deceased. UNION COLLECTION COMPANY, Appellant, v. WILLIAM CRANE SPENCER et al., Respondents.

ESTATES OF DECEASED PERSONS — ALLOWED CLAIM FOR FUNERAL EXPENSES—ASSIGNMENT—INTEREST.—Where a claim for funeral expenses has been allowed and filed, an assignee thereof is entitled to payment of the claim, and is entitled to interest thereon from the date of its allowance, whether the allowed claim therefor be deemed to have the force of a judgment, or whether it be deemed an ascertained balance, bearing interest, under section 1917 of the Civil Code.

ID.—NOTICE OF ASSIGNMENT.—Where notice of the assignment of the claim was given to the executrix, she was not authorized to make payment to the assignor.

ID.— ASSIGNMENT FOR SECURITY — REAL PARTY IN INTEREST — LEGAL TITLE.—If the assignment of the claim was for security, it nevertheless passed title to the assignee; and the defense that the assignor was the real party in interest cannot be maintained.

APPEAL from orders of the Superior Court of the City and County of San Francisco denying payment of an assigned claim settling a final account and directing distribution. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

J. S. Reid, for Appellant.

George D. Shadburne, and W. H. Robinson, for Respondents.

McFARLAND, J.—J. C. O'Connor, doing business as J. C. O'Connor & Co., presented to the administratrix of the estate of Patrick Cummins, deceased, a claim for two hundred and fifty-one dollars for funeral expenses, and on March 4, 1893, it was allowed by the administratrix and approved by the probate judge, and filed as an approved account against the estate. On February 9, 1900, O'Connor assigned said claim to the Union Collection Company, and notice of the assignment was given to the administratrix. It was shown by oral evidence at the trial that the assignment was made to the

collection company to secure the payment to J. S. Reid of moneys due him and to become due him for services as attorney-at-law for said O'Connor. Reid was also attorney for the collection company. (It appears that O'Connor also made a subsequent assignment of the said claim to one F. A. Beckett; but as Beckett afterwards assigned the same to the collection company, these two assignments seem to be immaterial.) Subsequently, in the month of June, 1903, the administratrix, notwithstanding her knowledge of the assignment to the collection company, paid to O'Connor the amount of said claim of two hundred and fifty-one dollars, and took from the former a receipt therefor. On July 14, 1903, the collection company filed a petition praying for an order directing the payment to it of said claim with interest from the date of its allowance, March 4, 1893,—there then being money in the hands of the administratrix sufficient to pay all demands. This motion was heard on September 3, 1903, at which time the final account of the administratrix, with the collection company's objections thereto, was also heard. Before that time O'Connor had informed the administratrix that he had inadvertently received the money for the claim, having forgotten that he had assigned it to the collection company, and offered to return her the money upon her giving him a receipt showing that he had repaid it; but she refused to receive the money. In the final account she had credited herself with two hundred and fifty-one dollars as paid to O'Connor. After a hearing the court denied the application of the collection company for the payment of the claim, settled the final account allowing the item of two hundred and fifty-one dollars paid to O'Connor, and entered a judgment settling the account and distributing the estate. The collection company appeals from the order denying its petition for payment of said claim for funeral expenses, from the order overruling its objections to the final account, and from the order and decree settling the account and directing distribution.

There does not seem to have been much reason for this litigation. Apparently all of the parties to the transaction would have had their legal rights, and no one of them would have been aggrieved, if, for instance, the executrix had paid the money to the assignee, or if O'Connor, after he had inadvertently received it, had paid it to his assignee, or if the

executrix had received it back from O'Connor and paid it to the assignee. It is true that there is now a little interest on the two hundred and fifty-one dollars involved; but this interest does not seem to have been the cause of the apparent determination of the parties to get into litigation. However, as the case stands, we see no way to avoid a reversal of the orders appealed from. The executrix had no right, after she had been notified of the assignment, to pay the money to O'Connor; she should have paid it to appellant, who is entitled to receive it from her; and in her final account she should not have been credited with the two hundred and fifty-one dollars paid to O'Connor. Appellant is also entitled to have interest on the said sum of money at seven per cent per annum from March 4, 1893, the date of its allowance. If the account was not a "claim" which needed to be presented and allowed, and did not therefore rank as a judgment, still by the presentation and allowance the balance was ascertained, and interest commenced at that time, under section 1917 of the Civil Code. We do not see any merit in the point made by respondent that J. S. Reid is the real party in interest, or that the assignment was illegal, under section 161 of the Penal Code, or that the assignment was for security, and appellant and Reid were simply the agents of O'Connor. The assignment passed the title to appellant, and the amount of the indebtedness of O'Connor to Reid was a matter which concerned only O'Connor, Reid, and appellant. There are no other points calling for special notice.

The orders appealed from are reversed.

Henshaw, J., and Lorigan, J., concurred.