[S. F. No. 7199.   Department One.—January 25, 1915.]

In the Matter of the Estate of WALTER MAGORTY, Deceased.

ESTATE OF DECEASED PERSON — FUNERAL EXPENSES — PREFERENTIAL RIGHT TO PAYMENT.—Under section 1643 of the Code of Civil Procedure funeral expenses rank as a debt of the estate similar in character to other debts in many respects, but payable in preference to all other debts, and the provision of section 1646 of that code, that the executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses, expenses of the last illness, and allowance made for the family of the decedent, means that as soon as he has funds in his hands applicable to that purpose he must pay these claims.

ID.—RETENTION BY ADMINISTRATOR OF FUNDS TO PAY EXPENSES OF ADMINISTRATION.—The next sentence of section 1646, "He may retain in his hands the necessary expenses of administration," qualifies the preceding part and allows the administrator, subject to the discretion and power of the court to order him to do otherwise, to retain enough

to pay his expenses of administration until they become due under an order of the court.

ID.—RETENTION OF FUNDS TO PAY COMMISSIONS.—This does not mean that the administrator may in all cases hold out enough to pay his commissions, because, under section 1647, the court has control of that matter and may order payment of debts as the circumstances of the estate may require. This gives the court authority to direct the payment of money for funeral expenses prior to the allowance or payment of the commissions.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the final accounts of the administrator of the estate of a deceased person. J. V. Coffey, Judge.

The appellant, as administrator of the estate of Walter Magorty, deceased, came into possession of, and in his final account accounted for, real property of the value of three thousand five hundred dollars, and money to the amount of $206.25, and claimed commissions on such valuation in the sum of $178.25. The real property, at the time of the decedent's death, was mortgaged, and was lost to the estate by a sale under a deed of trust, without any fault or negligence on the part of the administrator. The residue of the estate consisted of the sum of $179.90 in cash. The only claim presented or allowed against the estate was the claim of the respondent N. Gray & Co., for funeral expenses. In the order settling the account, the court directed the entire residue of the estate to be paid to the respondent in satisfaction of its claim, and denied the application of the administrator for the payment of commissions out of said residue. This appeal was taken by the administrator from such order. The further facts are stated in the opinion of the court.

Maurice J. Rankin, for Appellant.

T. A. Perkins, for Respondent.

At the close of the argument, Shaw, J., delivered the opinion of the court, Sloss, J., and Lawlor, J., concurring:

It is the opinion of the court that, under section 1643 of the Code of Civil Procedure, funeral expenses rank as a debt of the estate similar in character to other debts in many

respects, but payable in preference to all other debts, and that the provision of section 1646, that the executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses, expenses of the last illness and allowance made for the family of the decedent, means that as soon as he has funds in his hands applicable to that purpose he must pay these claims. The next sentence of that section, "He may retain in his hands the necessary expenses of administration," we think qualifies the preceding part and allows the administrator, subject to the discretion and power of the court to order him to do otherwise, to retain enough to pay his expenses of administration until it becomes due under an order of the court. We do not mean that he may in all cases hold out enough to pay his commissions, because, under section 1647, the court has control of that matter and may order payment of debts as the circumstances of the estate may require. This would give the court authority to direct the payment of money for funeral expenses prior to the allowance or payment of the commissions. In reversing the order we do not intend to approve, or direct the court to allow, the amount claimed as commissions. Whether the fact that this mortgaged property was lost to the estate without any real administration having taken place, if true, would authorize the court to reduce the commissions to the amount allowed on the balance of the estate we do not say.

The order is reversed with directions to the lower court to proceed to retry the cause in accordance with this opinion and allow the administrator to receive as commissions whatever amount it holds he is entitled to under the law, in preference to the funeral expenses.

Hearing in Bank denied.