**HAWKE, Admr, Etc v MURRAY**

Ohio Appeals, 1st Dist, Hamilton Co

No 4413. Decided Dec 11, 1933

H. Sundermann, Cincinnati, and George S. Hawke, Cincinnati, for plaintiff in error.

Charles K. Pulse, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

It must be borne in mind that the defendant in error could have applied for administration at any time after the death of decedent, and his failure to select the proper tribunal is not chargeable against the estate. He is presumed to know the law.

There is no direct controlling authority in this state announcing when interest shall begin to run upon the claim for funeral expenses. Why the defendant in error selects the date February 21, 1926 is not apparent unless he arbitrarily allows sixty days grace on his account. It is charged in his behalf that the interested parties were guilty of the long delay incident to the administration of the estate. As pointed out, they are no more culpable than he, except that they made no effort and he made a futile one based upon an erroneous conception of the facts or law.

However, an examination of the facts shows that those who would naturally be interested in securing an early administration and who are interested as ultimate distributees delayed action for an unreasonable time, and that on the other hand the undertaker did make some effort, though an ineffectual one, to secure his rights.

It must be borne in mind that the decedent died December 20, 1925, and that the Greenfield will was not sent to Hamilton County until March, 1930, more than four years later, and that no administrator was appointed to whom the defendant in error could present his claim until March 24, 1930, and also that he promptly presented his claim with interest, the same being rejected as to interest March 31, 1930.

The estate is solvent. Only those who permitted the administration to go unsought for so long a time will be affected. Under these circumstances, we consider justice requires that the defendant in error be compensated for the delay, which, though he might have avoided, was greatly due to the neglect of those in whose behalf his claim for interest is contested.

The instant case must be considered an unusual one, wholly outside of the natural course incident to an administration of an estate. The circumstances of the case require that the judgment be affirmed.

HAMILTON, PJ, and CUSHING, J, concur.