In the Matter of the Estate of TEODOR KULYK, Also Known as FRANK KULIK, Deceased.*

Surrogate's Court, Bronx County, December 20, 1933.

*Blum & Jolles*, for Consulate General of Poland.

*Joseph R. Kehoe*, for the claimant.

*James W. Brown*, public administrator, in person.

HENDERSON, S. This is an application on behalf of alien distributees for a rehearing of the undertaker's claim for interest on the cost of decedent's funeral. The only objection to the account of the public administrator was filed by the undertaker on the sole ground that her claim for interest on her bill was rejected. All the material facts were admitted and no evidence was taken.

The decedent died intestate on January 20, 1915, leaving no distributee in this country and apparently no assets. The claimant buried him and her bill for his funeral services amounted to $292.10.

After the passage of years, it was discovered that the estate had some claim against a certain benevolent association by reason of the decedent's certificate of membership therein. Letters of administration were granted on July 5, 1932, to the public administrator, who received the sum of $1,748.60 from such association on November 7, 1932. Out of this sum he paid $175 to an attorney in Pennsylvania for legal services rendered in the collection of such claim.

On November 21, 1932, the undertaker presented a verified claim for $292.10 and interest. On December 28, 1932, the administrator paid the principal amount of the undertaker's claim with the consent and at the suggestion of the present movant. The question of interest thereon was left for determination upon the settlement of the account of the administrator who formally rejected the interest item of the claim.

" The award of interest is not in any prohibited sense a charity or bounty. It has its roots in a reasonable conception of the demands of equity and justice." (*Sweeney* v. *State*, 251 N. Y. 417, 420.)

I rendered a decision in favor of the undertaker and allowed her claim for interest. No decree has been entered.

---

* See, also, 150 Misc. 307.

The present motion is made for the alleged purpose of making a record so that an appeal may be taken " by reason of the fact that it is well settled that interest on an unliquidated claim of the type here involved is not due until the amount of the claim is definitely fixed " and because the allowance of interest on a funeral bill " seems to be contrary to the general practice with respect to the payment of undertakers' bills."

All of the above enumerated facts appear from the papers filed in the accounting proceeding, except the movant's consent to, and suggestion of, the principal payment to the undertaker, which was conceded in his reply brief submitted in the form of a letter in that proceeding. There seems to be no necessity for a further record of these facts. A comparatively recent amendment to the Civil Practice Act has settled the question of interest on the principal sum of an unliquidated claim based upon an express or implied contract. (Civ. Prac. Act, § 480 [2d sentence added by Laws of 1927, chap. 623].) This legislation is retroactive in that it was made applicable to causes of action arising prior to its enactment. The constitutionality of the retroactive operation of the section, as thus amended, has been upheld. (*Preston Co.* v. *Funkhouser*, 261 N. Y. 140, 145; affd., —— U. S. ——; 54 Sup. Ct. Rep. 134.)

The motion for rehearing is denied. Settle order.