In the Matter of the Estate of TEODOR KULYK, Also Known as FRANK KULIK, Deceased.*

Surrogate's Court, Bronx County, January 30. 1934

*Blum & Jolles*, for the Consulate General of Poland.

*Joseph R. Kehoe*, for the claimant.

*James W. Brown*, public administrator, in person.

HENDERSON, S. Before the date upon which the proposed order denying a motion for rehearing was noticed for settlement, counsel for the Polish Consul wrote a letter inviting my attention to a certain case. Although this informal practice should be discouraged, I have considered the matter as if reargued because counsel for the claimant has continued the informality with a letter in reply.

The case cited (*Matter of West*, 257 N. Y. 108) follows a line of

---

* See, also, 149 Misc. 855.

decisions establishing the general rule that a claim for legal services resting on a *quantum meruit* draws interest from the date of the first demand for payment of some amount, and holds that such an unliquidated claim is not due until some request for payment is made. Interest on unliquidated claims for services rendered under express or implied contracts to pay therefor has been allowed in many instances prior to the amendment of section 480 of the Civil Practice Act. (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.,* 245 N. Y. 1, 5; *Blackwell* v. *Finlay,* 233 id. 361, 363; *Sweeny* v. *City of New York,* 173 id. 414, 416; *de Carricarti* v. *Blanco,* 121 id. 230; *Mercer* v. *Vose,* 67 id. 56; *McCollum* v. *Seward,* 62 id. 316.) All these cases seem to follow the principle enunciated in *Van Rensselaer* v. *Jewett* (2 N. Y. 135, 140), as applied to a claim for legal services in *Mygatt* v. *Wilcox* (45 N. Y. 306).

It is interesting to note that in the *Van Rensselaer* case interest was allowed from the respective annual due dates of rent payable in wheat, hens and services, the values of which were unliquidated and varied during the years of unpaid rent. In *Adams* v. *Fort Plain Bank* (36 N. Y. 255, 260) the court followed the *Van Rensselaer* case, allowed an attorney interest on the value of his services in various separate matters from the respective dates upon which such services terminated in the particular matters, and held that an indebtedness became due and payable upon each such termination when the right of action thereon accrued. *Mygatt* v. *Wilcox* (*supra*) followed the doctrine of the *Van Rensselaer* case as applied to unliquidated claims for legal services in the *Adams* case, and allowed interest on a claim for legal services rendered administrators during several years, from the date the attorney's services were terminated by a settlement made by the parties to the proceedings in the Surrogate's Court. The plaintiff commenced his action more than a year after such termination. The *Mygatt* opinion does contain the statement (at p. 310) that " the plaintiff was entitled to recover interest upon his account, after it was rendered to the appellants. Then it should have been paid (*Adams* v. *Fort Plain Bank, supra*)." The cited case, however, holds that interest is payable from the date upon which the services were completed, and no intimation that an account was ever rendered or a demand made, except by the institution of the action, appears in the *Mygatt* case, either in the cited report or in the report of the proceedings below. (*Mygatt* v. *Wilcox,* 1 Lans. 55.) The General Term, in reducing the interest on items of disbursements by allowing interest thereon only from the termination of the employment, said (at pp. 59 and 60): "As the defendants' obligation to repay these advancements is implied from the relations of the parties, interest by way of penalty, cannot

be charged thereon until a demand has been made, or the amount has been liquidated between the parties, or *the debt become due, by the termination of the contract of employment.* * * * Whenever the *account* as a whole is payable, from that time interest is chargeable (*Adams* v. *Fort Plain Bank,* 261)." (Italics not in original report.) It seems probable that the Court of Appeals, in affirming the General Term, used the word " account " in the same sense as the court below, and the words " after it was rendered " in the sense of " after the services were rendered or completed." No reasoning or precedent is given for their use in any other sense.

Another interesting fact is that in the *Adams* case the court said that " interest is generally payable from the time the principal ought to be paid," and held that the indebtedness for legal services accrued upon the date such services terminated and that interest should be allowed from that date. Mr. Justice PARKER dissented on the ground that because " the compensation * * * was unliquidated " and " the recovery is on a *quantum meruit* * * * the debtor is not so in default in not paying the debt, that he should be chargeable with interest." (*Adams* v. *Fort Plain Bank, supra,* p. 266.)

In some of the cases above enumerated, and in others concerned with contracts for different services and for matters other than services, the uncertain condition of the law with reference to unliquidated claims and the lack of any appropriate statute, have been deplored. Judge EARL suggested in 1879 that " a statute could probably be framed which would produce more certain, if not juster results " (*White* v. *Miller,* 78 N. Y. 393, 397), and again in 1884 that " a law could be passed providing that in all cases of unliquidated claims * * * interest should thereafter be allowed as damages " (*O'Brien* v. *Young,* 95 N. Y. 428, 433). His suggestions were not heeded by the Legislature until 1927 when it amended section 480 of the Civil Practice Act by the addition of the last sentence.

In those cases, however, which hold that no interest may be allowed from a date prior to that on which payment of an unliquidated claim is first requested, the contracts were made with living persons, to whom a bill or statement could be presented.

In the matter before me the claim is based on a *quasi* contract arising by law, whereby every administrator constructively agrees to pay out of the assets coming into his hands the necessary and reasonable expenses of his intestate's funeral. The person defraying such expenses in good faith before the issuance of letters is entitled to be reimbursed therefor out of such assets (*Rappelyea* v. *Russell,*

1 Daly, 214) and to interest thereon from the date he pays the same. (*Patterson* v. *Patterson,* 59 N. Y. 574, 586.)

There was no one in this country to whom the claimant undertaker could present her bill until the administrator was appointed. The reasonableness of her charge is not disputed. It is not suggested that she was a meddler. On the contrary, she acted, not officiously, but in the necessity of the case.

Interest is allowed to make the creditor whole (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co., supra*) and to give complete compensation. (*General Supply & Const. Co.* v. *Goelet,* 241 N. Y. 28, 39.) The allowance thereof is sometimes determined upon considerations of equity, justice and policy. (*Sweeney* v. *State,* 251 N. Y. 417, 420; *Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co., supra; Tuzzeo* v. *American Bonding Co.,* 226 N. Y. 171, 179; *Van Rensselaer* v. *Jewett, supra.*) It has recently been held that interest is chargeable from the date money was erroneously paid to a town although the village to which it should have been paid made no demand until a later date. (*Village of Elmira Heights* v. *Town of Horseheads,* 234 App. Div. 270, 272; affd., 260 N. Y. 507.)

A chief concern of the public is that the dead have decent burial, not merely because the statutes provide therefor (Penal Law, § 2211; Public Welfare Law, § 154), but also because some adequate disposal of the body is essential to the preservation of the public health and a decent burial is dictated by a proper public sentiment and respect for the dead. In the absence of a contrary testamentary direction, the right to bury the dead is vested in the next of kin when no spouse survives. This right of burial carries with it the obligation to bury the dead. (*Patterson* v. *Patterson, supra; Matter of Neville,* 147 Misc. 171.)

The decedent's distributees are his alien next of kin who took no part in his funeral services. In all equity the claimant, who shouldered their obligation, should be placed in the same financial position in which she would be if she had not provided the funeral. This requires, at least, the allowance of interest from the date of the funeral. Otherwise her pecuniary loss is not fully met. (*Preston Co.* v. *Funkhouser,* 261 N. Y. 140, 145.)

All these considerations deter me from changing my previous disposition of the matter. Order denying rehearing signed.

Settle decree in accordance with my memoranda of October 2, 1933, and December 20, 1933, as supplemented hereby.