IN RE BIELENBERG'S ESTATE. HIGGINS, EXECUTOR, RESPONDENT, v. PEW, APPELLANT.

(No. 7,355.)

(Submitted December 10, 1934. Decided January 4, 1935.)

[40 Pac. (2d) 49.]

*Mr. C. E. Pew, pro se,* submitted a brief and argued the cause orally.

*Mr. W. E. Keeley* and *Mr. W. T. Boone,* for Respondent, submitted a brief; *Mr. Boone* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This appeal involves the right of a special administrator's attorney to collect from an estate interest on the amount determined by the court as his attorney fee, to be computed from the date of such determination to the date of payment.

Nicholas J. Bielenberg died, leaving what purported to be a last will. A successful contest of the will ensued. (*In re Bielenberg's Estate,* 86 Mont. 521, 284 Pac. 546.) A special administrator of the estate was appointed. Mr. C. E. Pew was employed as and acted as the attorney for the special administrator. Proceedings were thereafter had before the court on application, notice and hearing, whereby it was determined, on August 22, 1930, that the reasonable value of the legal services rendered by Mr. Pew as attorney for the special administrator was the sum of $5,500, and ordered that he be paid the sum of $5,500 less the sum of $500 theretofore received by him "in the regular course of adminis-

tration." No appeal was perfected from this order. The estate is solvent.

On May 28, 1934, the executor filed his application for a determination by the court of the right of Mr. Pew to interest on the allowance of $5,000 to him for attorneys' fees. Issue was joined on this question by appropriate pleadings. A hearing was had thereon, resulting in an order disallowing interest on this item. The appeal is from this order.

Appellant contends that the order of August 22, 1930, was ▮ in effect a judgment, and that it draws interest as such; that if it is not a judgment, the order amounts to a determination of the sum due and as such is entitled to draw interest as on an account stated. Section 9313, Revised Codes 1921, provides that "a judgment is the final determination of the rights of the parties in an action or proceeding." Section 9772 provides that "every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order."

In the case of *Rose's Estate*, 80 Cal. 166, 22 Pac. 86, 87, it is written: "'A judgment is the final determination of the rights of the parties in an action or proceeding.' (Code Civil Proc., sec. 577.) The proceeding appealed from is not a 'final determination of the rights of the parties in an (the) action or proceeding.' At most it is but a settlement of one of many matters arising in a probate proceeding, preparatory to a 'final settlement of the rights of the parties' in the whole proceeding." That decision was approved by this court in the case of *Forrester & MacGinniss* v. *B. & M. Co.*, 29 Mont. 397, 74 Pac. 1088, 76 Pac. 211.

The order of August, 1930, was not a final judgment. The authority is vested in a court to fix the amount of attorney fees in cases of this kind by section 9786, Revised Codes 1921, formerly section 7153, Revised Codes of 1907, as amended by Chapter 45, Laws of 1919, reading as follows: "The measure and mode of compensation of attorneys and counselors-at-law is left to agreement, express or implied, of the parties, except that in probate proceedings the court may fix and allow the compensation of attorneys representing administrators, execu-

tors, guardians, and trustees, and agents appointed by the court. But parties to actions or proceedings are entitled to costs and disbursements as hereinafter provided.''

This court, in the case of *In re McLure's Estate,* 68 Mont. 556, 220 Pac. 527, 530, reviewed at length the state of the law prior to the enactment of this statute, and the change in the law resulting from the passage of this amendment. In interpreting the meaning of this section it said: ''The construction we give to chapter 45 does not operate to impose any additional burden upon the estate. Reading the two amendatory statutes [Chapters 45 and 55, Laws of 1919] together, and giving effect to each, it follows that upon application of the attorney for an allowance to him directly he is entitled to receive only such compensation for his services as the court would have allowed to the personal representative for counsel fees as expenses of administration upon his account (*Estate of Hite,* above [155 Cal. 448, 101 Pac. 448]), or, in other words, upon direct application by the attorney the court must determine whether the services rendered were necessary, and, if necessary, must fix and allow reasonable compensation. The only material difference between the old statute and the new ones is that the court may now make the allowance to the attorney directly instead of compelling the attorney to collect from the personal representative and then giving credit to the latter upon his account.''

The attorney fees determined by the court are an expense of administration. Debts of an estate are enumerated in, and their order of payment directed by, section 10307. No mention is there found of any items which are charges or expenses of administration.

Our attention is invited to the holding in certain California cases wherein it is held that interest is properly allowable on claims against an estate. The cases of *Estate of Glenn,* 74 Cal. 567, 16 Pac. 396, and *Estate of Olvera,* 70 Cal. 184, 11 Pac. 624, involved debts incurred by the decedent in his lifetime. The case of *In re Cummins' Estate,* 143 Cal. 525, 77 Pac. 479, related to a bill for funeral expenses. The obliga-

tions under consideration in all of those cases were debts against the estate. (Sec. 10307, Rev. Codes 1921.) None of them concerned the allowance of interest on charges of administration. As to whether we would follow these decisions in cases involving similar facts, we need not now inquire. They are clearly distinguishable on the facts from the case at bar.

Section 10310 provides: "The executor or administrator, as soon as he has sufficient funds in his hands, may pay the funeral expenses and the expenses of the last sickness, and the allowance made to the family of the decedent. He may retain in his hands the necessary expenses of administration, but he is not obliged to pay any debt or any legacy until, as prescribed in this chapter, the payment has been ordered by the court or judge."

This section clearly contemplates that the executor or administrator will pay expenses of administration as soon as funds are in his hands. It may become necessary to sell property in order to pay these expenses. No specific authority is found in the statute for the allowance of interest on expenses of administration. The order of the court directed that the fees be paid in the regular course of administration, which would be whenever funds were in the hands of the executor. It does not appear from the record that funds were available at any time to discharge this obligation. On the contrary, it is fairly inferable therefrom that at the time of the hearing resulting in the order from which this appeal is made it was anticipated they would be secured presently.

We do not think that interest is allowable on charges and ▉ expenses of administration as against the estate. Our conclusion is in accord with the decision in the case of *Wilson's Appeal*, 3 Walk. (Pa.) 216.

The order is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

MR. JUSTICE ANGSTMAN, dissenting: In my opinion interest is allowable on attorneys' fees against an estate after, as here,

the amount has been ascertained and an order made for their payment. In my judgment section 7725, Revised Codes 1921, controls such a situation. Under a statute identical with section 7725, it has been held that a claim against an estate for funeral expense bears interest after its allowance. (*In re Cummins' Estate*, 143 Cal. 525, 77 Pac. 479.)

Under a statute allowing interest on unliquidated claims based upon an express or implied contract, it has been held that an undertaker's claim bears interest before it has become liquidated in amount. (*In re Kulyk's Estate*, 149 Misc. 855, 268 N. Y. Supp. 305; Id., 150 Misc. 307, 269 N. Y. Supp. 70; and compare *Hawke* v. *Murray*, 47 Ohio App. 380, 191 N. E. 884.)

A claim for attorneys' fees for services rendered to deceased during his lifetime bears interest from the date of its demand. (*In re West's Estate*, 257 N. Y. 108, 177 N. E. 389.) In cases where there is personal liability on the part of the administrator therefor, it has been held that a claim for legal services rendered to the estate bears interest. (*Mygatt* v. *Wilcox*, 45 N. Y. 306, 6 Am. Rep. 90.)

My associates attempt to draw a distinction between a claim for legal services and one for funeral expenses, because as to the latter they constitute debts against the estate on account of section 10307. In my opinion section 10307 has nothing to do with the question of whether claims bear interest. It has to do with the order in which claims must be paid, and places funeral claims in the first class. But even in such cases an administrator's fee may be ordered paid ahead of funeral expense. (*In re Magorty's Estate*, 169 Cal. 163, 146 Pac. 430.) An allowed claim for legal services rendered to an administrator is also a claim against, or debt of, the estate. Were it not so, it should not have been allowed as such. To be sure, it is classed as an expense of administration; but that has nothing to do with the question of whether it bears interest after it is ordered paid as a claim against the estate.

If such claims do not draw interest, there is no motive to pay promptly. (*Casey* v. *Galli*, 94 U. S. 673, 24 L. Ed. 168.)

552

The beneficiaries of the estate might refuse to sell real estate yielding rents and profits to them; they might continue to clip coupons for their own benefit from interest-bearing bonds of a ready salable character; and they might otherwise continue to receive income from property—all at the expense of the unpaid attorney.

The attorney's claim, I think, after it is allowed and ordered paid, bears interest.

Rehearing denied January 18, 1935.