In my opinion interest is allowable on attorneys' fees against an estate after, as here, *Page 551 
the amount has been ascertained and an order made for their payment. In my judgment section 7725, Revised Codes 1921, controls such a situation. Under a statute identical with section 7725, it has been held that a claim against an estate for funeral expense bears interest after its allowance. (In re Cummins'Estate, 143 Cal. 525, 77 P. 479.)
Under a statute allowing interest on unliquidated claims based upon an express or implied contract, it has been held that an undertaker's claim bears interest before it has become liquidated in amount. (In re Kulyk's Estate, 149 Misc. 855,268 N.Y. Supp. 305; Id., 150 Misc. 307, 269 N.Y. Supp. 70; and compare Hawke
v. Murray, 47 Ohio App. 380, 191 N.E. 884.)
A claim for attorneys' fees for services rendered to deceased during his lifetime bears interest from the date of its demand. (In re West's Estate, 257 N.Y. 108, 177 N.E. 389.) In cases where there is personal liability on the part of the administrator therefor, it has been held that a claim for legal services rendered to the estate bears interest. (Mygatt v.Wilcox, 45 N.Y. 306, 6 Am. Rep. 90.)
My associates attempt to draw a distinction between a claim for legal services and one for funeral expenses, because as to the latter they constitute debts against the estate on account of section 10307. In my opinion section 10307 has nothing to do with the question of whether claims bear interest. It has to do with the order in which claims must be paid, and places funeral claims in the first class. But even in such cases an administrator's fee may be ordered paid ahead of funeral expense. (In re Magorty'sEstate, 169 Cal. 163, 146 P. 430.) An allowed claim for legal services rendered to an administrator is also a claim against, or debt of, the estate. Were it not so, it should not have been allowed as such. To be sure, it is classed as an expense of administration; but that has nothing to do with the question of whether it bears interest after it is ordered paid as a claim against the estate.
If such claims do not draw interest, there is no motive to pay promptly. (Casey v. Galli, 94 U.S. 673, 24 L.Ed. 168.) *Page 552 
The beneficiaries of the estate might refuse to sell real estate yielding rents and profits to them; they might continue to clip coupons for their own benefit from interest-bearing bonds of a ready salable character; and they might otherwise continue to receive income from property — all at the expense of the unpaid attorney.
The attorney's claim, I think, after it is allowed and ordered paid, bears interest.
Rehearing denied January 18, 1935.